LEWIS H. ELDRIDGE ET UX., APPELLANTS, VS. WIGHT-
MAN & CHRISTOPHER, APPELLEES.

A decree *pro confesso* must be reversed where the record discloses that
it is based upon an order striking out a plea, which order does
not appear to have been made after entry of the motion to strike
on the chancery order book or after notice of any other charac-
ter to the defendants.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion.

*John W. Price* for Appellants.

*J. M. Barrs* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the
court.

Wightman & Christopher filed their bill on the 21st
April, 1880, against Eldridge and wife. They allege that
on the 27th of June, 1879, Lewis H. Eldridge was indebted
to them in the sum of two hundred and fifty dollars,
shown by five promissory notes for fifty dollars each, paya-
ble on the first day of January, February, March, April
and May, 1880, respectively; that defendants owning a
piece of land in Volusia county, Florida, on which was a
store-house, executed a mortgage thereon to secure the pay-
ment of the said notes, principal and interest, together
with all costs, charges and expenses, including a reasonable
solicitors fee in collecting the money by a foreclosure of
the mortgage; that the said notes and mortgage are
long since due. Plaintiffs pray foreclosure, &c. After ap-
pearance for L. H. Eldridge, we find marked as filed on
the 7th of June, A. D. 1880, a paper, which, after that por-

tion of the address of a plea which states the title of the court in which the cause is pending, proceeds thus:

WIGHTMAN & CHRISTOPHER, )
          vs.        } Foreclosure of Mortgage.
L. H. ELDRIDGE. )

"The defendants, without admitting any of the statements or charges contained in said bill, says for a plea, says that the promissory note for the sum of fifty dollars, named and described in said mortgage and for the payment of which it was made to secure, and became and was due on the first day of January, A. D. 1879, was paid by and assigned to William B. Watson and afterwards paid by and delivered to this respondent. He therefore says, alleges and charges that the said bill filed to foreclose said mortgage is illegal and filed contrary to law and equity, and ought of right to be dismissed. He therefore prays that said bill be dismissed," &c. This paper is signed by the attorney of L. H. Eldridge. It is also sworn to by the attorney in this language:

"STATE OF FLORIDA, )
  "County of Volusia. )

"Before me personally came John W. Price, who being sworn says that he has read the foregoing plea and knows the contents thereof, and that the same is true so far as stated on his own knowledge, and that as to those things stated on information and belief he believes to be true."

                       JOHN W. PRICE.

Sworn to and subscribed before me, June 7, 1880.

This paper is marked "filed June 7, 1880."

We next find a paper without any file mark, but dated June 28th, 1880. This paper is a direction to the clerk to "enter a decree *pro confesso*, for want of plea, answer or demurrer," and is signed by complainant's solicitors, "Walker

& Owens." The record discloses no action upon this paper.

We next find this:

| | |
|---|---|
| " WIGHTMAN & CHRISTOPHER<br>"vs.<br>" L. H. ELDRIDGE. | Foreclosure of mortgage.<br>Motion to dismiss. |

" Defendants' counsel will please take notice that plaintiffs will move to strike the plea in above cause as insufficient as soon as motion can be heard.

"E. K. FOSTER & BARRS,

" Attorneys for Plaintiffs."

Motion granted.

WILLIAM ARCHER COOKE, Judge.

Entered December 13th, 1880.

JNO. W. DICKENS, Clerk.

STATE OF FLORIDA, }
County of Volusia. }

I, John W. Dickens, Clerk of the Circuit Court in and for Volusia county, do hereby certify that the foregoing is a true transcript of the records of my office, taken from Chancery Order Book, page 207.

JNO. W. DICKENS, Clerk.

On the 7th of March, 1881, we find an order taking the bill for confessed on the ground of failure to file any further pleading after striking out the plea. On the 30th of March, 1881, we find a decree appointing a master to take an account. There was an account, a final decree, and a sale of the mortgaged premises. From the final decree rendered upon the master's report this appeal is taken.

All of these proceedings, including the order striking the plea, must be reversed and the cause be remanded to stand upon that plea.

There is no evidence in this record, constructive or otherwise, that any notice of the motion to strike the plea was

given the defendants, or either of them. On the contrary, looking at the entry as it stands, it would appear that the motion was made before the Judge and granted, and afterwards placed in the order book. Defendants here insist that they had no notice of this motion and the record discloses none. The paper itself as copied in the record does not appear to have been entitled in the cause, and while the certificate of the clerk is that he takes it from the order book, yet there is nothing to show that the notice of motion was ever placed on the order book before the order was made. An entry of this motion in the order book under the rules would have been notice of the motion. Whether special notice of the time of hearing such motion is required we do not determine, as there was here no notice of the motion itself.

The defendant was not in default.

We have had occasion in a recent case to treat of orders taking bills for confessed and decrees *pro confesso*, *nisi* and absolute. Stribling *et ux.* vs. Hart, Extrx., *et al.*, 20 Fla., 235. Such an order is a serious matter not to be set aside without cause. Upon appeal from a final decree of this character the regularity of the proceedings anterior to the order taking the bill for confessed is the subject of review here. The plea we think amounts to nothing in form or substance. It is wanting in the formal requirements under the rule, and the note, the payment of which it sets up, it is apparent is not one of those claimed in the bill of complaint as being due plaintiffs, as they claim no note due January 1, 1879.

The decree is reversed, and all proceedings anterior to it and subsequent to the motion to strike out the plea are set aside and the case will be remanded to stand upon the motion to strike the plea.