W. T. TAYLOR AND M. D. TAYLOR, APPELLANTS, VS. AUGUSTA F. BROWN AND C. M. BROWN, APPELLEES.

1. A demurrer lacking the affidavit of defendant and certificate of counsel required by the rules of practice, is so fatally defective as not to preclude the entry at the proper time of a decree *pro confesso* for want of a plea, answer or demurrer.

2. On an application of a defendant to set aside a decree *pro confesso* properly entered, he must show both reasonable diligence and a meritorious defense; and in the absence of such showing, the refusal of the chancellor to set aside the default will not be disturbed.

3. In a joint suit in equity by husband and wife to recover the separate statutory property of the wife, no objection was made to the manner in which the wife sued :' *Held,* After default and final decree, such objection can not be made for the first time in the appellate court.

4. Where a mortgage provides a reasonable attorney fee for its foreclosure, it is error for the court to decree a sum for this purpose in the absence of proper proof as to such fee.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*Bullock & Burford* for Appellants.

*John G. Reardon* for Appellees.

MABRY, J.:

Augusta F. Brown and her husband, C. M. Brown, appellees, filed a bill in the Marion Circuit Court on the 22nd day of February, 1889, against the appellants to foreclose a mortgage on a lot of land situated in Marion county, Florida, and particularly described in the mortgage. This mortgage was executed on the 18th day of August, 1886, by appellants to Augusta F. Brown, wife of C. M. Brown, to secure the payment of three notes payable to her, each for one thousand dollars, dated August 18th, 1886, and falling due respectively on the first days of September, 1888, 1889, and 1890, with interest thereon at the rate of eight *per cent per annum* from date until paid; interest payable semi-annually. The mortgage contains the following clauses: "These presents are on this express condition, that if the said parties of the first part, their heirs, exexutors or administrators, shall well and truly pay un-

to the party of the second part, her heirs, executors, administrators or assigns, the said sums of money and the interest therein mentioned and set forth in said three notes, according to the true intent and meaning of the same, together with all costs, charges and expenses, including a reasonable fee for the attorney of the holder of said notes, or either of them, which the party of the second part or her assigns or endorsee may incur or be put to in collecting the same by suit at law or equity, that then these presents and the estate hereby granted shall cease and determine;" and it is further covenanted and agreed by the parties of the first part to and with the party of the second part and her assigns, that if any installment of interest on said notes, or either of them, remains unpaid for ten days after same becomes due, that the party of the second part or her assigns may treat the principal sum of said notes as due, and proceed to enforce their payment, or that of either of them, and foreclose this mortgage."

The bill alleges that all interest due on said notes had been paid up to December 17th, 1888, and that the sum of eighty dollars had been paid on the principal of the first note due September 1st, 1888, and only this note, less the $80, was past due, leaving due on it $920, with the interest from the 17th day of December, 1888.

It is also alleged in the bill that by the failure of the defendants to pay the first promissory note, the right to foreclose the mortgage for the amount at least due upon said first note has accrued, and although the mortgage provides an option in the mortgagee to treat all said notes as wholly due upon default of payment of interest only on any or all of said notes for ten days, yet it is submitted that according to the spirit and in-

tent of said mortgage complainants have the option to' foreclose the same upon non-payment of the principal of any of said notes at maturity, and that by reason of the failure of defendants to pay said first note at maturity, a right has accrued to complainants to foreclose for the full amounts due on all said notes, the total of said sums being $2,920, with the interest mentioned in the same from the 17th day of December, 1888.

A subpoena returnable to rule day in March, 1889, was regularly issued and served upon defendants in the bill, and on the 27th of that month they filed what is claimed to be a demurrer to the bill. It is as follows, after giving the style of the cause: "In the above case come the defendants, by their attorney, D. C. Hardee, and before answering, demurrs to plaintiff's bill on the grounds that the mortgage annexed to plaintiff's bill, and which is made a part thereof, is void upon its face. That there is no subscribing witnesses to the same, and that it is defective, because not authenticated according to law, besides other defects, all of which are apparent upon the instrument itself. Whereupon (they) pray that the bill herein filed by plaintiffs be dismissed with costs." The foregoing was sworn to by W. T. Taylor before the Clerk of the Circuit Court as follows, viz: "Personally came and appeared before me, the undersigned authority, W. T. Taylor, who being sworn says that the facts stated in said demurrer are true, and that said mortgage is void as he is informed and believes." There is no certificate of counsel that the demurrer was well founded in law, and no affidavit that it was not interposed for delay.

On rule day in April, 1888, solicitor for complainants entered in the clerk's office a decree *pro confesso*

against defendants because "no plea, answer or demurrer" had been filed as required by law, and gave notice of the setting down of the cause for final decree before the chancellor at chambers. On the same rule day that the decree *pro confesso* was entered defendants filed a petition to set it aside. The petition states that the attorney prepared the demurrer, and that defendant W. T. Taylor, after swearing to it, filed it without returning same to the attorney; that defendants were informed by their attorney that his failure to attach a certificate to the effect that the demurrer was meritorious and well founded in law was because of its not being returned; that their attorney failed to state in the affidavit made by defendant that the demurrer was not made for delay, and these oversights and omissions made by their attorney should not in justice and equity be allowed to destroy their material rights and deprive them of their legal defense; that notwithstanding the demurrer was filed in due time, plaintiffs entered a decree *pro confesso*. Further that said omissions and irregularities were not made for delay on their part, nor on the part of their attorney as they believe, but the demurrer was filed in order that the court should pass upon the validity of the instrument annexed to plaintiff's bill; that defendants were advised, and believe, that they could not safely answer until they knew whether or not said instrument was a valid mortgage. Wherefore they pray that the decree *pro confesso* be set aside and they be allowed to correct their said demurrer, and to file the same as of the proper date. W. T. Taylor swears that the facts stated in the petition as to his own acts and intentions are true, and he believes them to be true as to the acts and intentions of his attorney. The attorney attaches to the petition a certificate that it

contains a correct statement of the case, and that the omissions and irregularities complained of were his fault and not that of his clients. This petition upon hearing before the chancellor was overruled and denied. A final decree was entered for complainants for $920 as principal and interest thereon at eight *per cent. per annum* from the 17th day of December, 1888, together with the sum of one hundred dollars, solicitor's fee incurred in foreclosing the mortgage, and costs of suit. From this decree defendants below appealed.

The first question to be determined is whether or not appellees' solicitor had a right to disregard the paper filed as a demurrer, notwithstanding its appearance on the files. We think he had such right. The rule provides that "no demurrer or plea shall be allowed to be filed to any bill unless upon certificate of counsel that in his opinion it is well founded in point of law, and supported by the affidavit of the defendant, or in case of his absence from the State, of his agent or attorney, that it is not interposed for delay; and if a plea, that it is true in point of fact." The paper in the record before us, and filed as a demurrer, has no such affidavit or certificate attached to it.

The cases in our court cited by counsel for appellants—Keen vs. Jordan, 13 Fla., 327, and Eldridge vs. Wightman, 20 Fla., 687—do not decide the point here. Where counsel do not disregard a demurrer or plea unaccompanied by any certificate or affidavit as required by the rule, but proceed to test its sufficiency in point of law by setting it down for argument, or making some motion for that purpose, and waive the requirements of the rule as to affidavit and certificate' the court will dispose of the question without reference to such requirements. In the cases referred to it is said that a motion to strike the demurrer or plea

from the files on account of the absent affidavit and certificate would be proper, but it is not said anywhere that counsel may not entirely disregard such a demurrer or plea. Our rule is a copy of the one adopted for the practice of the Federal courts in such cases, and the Supreme Court of the United States has placed such a construction upon it as we adopt now. National Bank vs. Insurance Company, 104 U. S., 54; Sheffield Furnace Co. vs. Witherow, 149 U. S., 574. Counsel for appellees having the right to disregard the paper referred to as any demurrer at all, exercised this right and entered a decree *pro confesso*. This decree was properly entered on the rule day following the return day of the process for want of a plea, answer or demurrer, and no irregularity appears in its entry.

The next question is, did the court err in refusing to set aside the decree *pro confesso* on the application and showing made by appellants? This question must be answered in the negative. On an application of a defendant to open a decree *pro confesso*, in order to entitle him to success he must show both reasonable diligence and a meritorious defense. Keil vs. West, 21 Fla., 508; Myers vs. McGahagan, 26 Fla., 303, 8 South. Rep., 447. Appellants wanted the default set aside in order that they might attach the certificate and affidavit required by the rule to the paper filed as a demurrer, but there is no merit in the so-called demurrer; nor do appellants show that they have any meritorious defense to the bill. The grounds of this demurrer are, that the mortgage annexed to complainant's bill is void upon its face—has no subscribing witnesses to it, and is not authenticated according to law. The mortgage attached to the bill shows that it has two subscribing witnesses to its execution, and is properly acknowledged and duly recorded. The court

was correct in refusing to open the default on the showing made. Unless appellants had a meritorious defense to set up, and this they did not show, it would have been useless to set aside the default.

One of the grounds in the petition of appeal is, that the cause was commenced in the court below and prosecuted by Augusta F. Brown, a married woman, and C. M. Brown, her husband, as complainants, without the intervention of a next friend. It is true the bill shows that Augusta F. Brown is a married woman, and that her husband, C. M. Brown, unites with her in the foreclosure of the mortgage executed to her. The objection urged here is that the married woman can only sue by her next friend, and it is not competent for her and her husband to unite as co-complainants in a bill to recover her separate property. In Fairchild vs. Knight, 18 Fla., 770, where a married woman sought to enjoin a sale of her separate statutory property under an execution sued out by judgment creditors of her husband against him, it was said: "The bill here should have been by the wife, through her next friend, against the husband and the creditor." The language of Judge Story is also quoted, that "in all such cases she ought to sue as sole plaintiff by her next friend, and the husband should be made a party defendant." Story's Equity Pleading, sec. 63. In Smith vs. Smith, 18 Fla., 789, where a wife filed a bill against her husband, and claimed that certain real estate purchased by the husband and deed taken in his name was paid for with her seperate property, it was held that a married woman can not in this State maintain a suit in her own name, but must sue by next friend, unless in cases where she has been licensed by the Circuit Court to transact business in her own name as provided in Chapter 3130, laws of 1879. In this case no objection

it seems was made by the defendant to the manner in which the suit was brought, but on final hearing on the proofs the decree was against the wife. She appealed, and it was said in the opinion that "no objection was taken by the appellee (defendant) to the manner of bringing this suit, but we can not, by our silence, permit or endorse such a violation of well established law." The view was also expressed that the defect was subject to amendment, and that this court might have the power to send the case back for proper amendment, but as an examination of the pleadings and testimony show that there was not such a case made as would warrant a decree in favor of the wife, the judgment of the lower court was affirmed.

There can be no question but that cases may arise showing such a conflict of interest between husband and wife over the subject-matter of litigation as to make it indispensable for the wife to sue by next friend. In Wade vs. Parker, 2 Keen, 60, objection having been made by demurrer to a bill filed by husband and wife to recover the wife's separate property, Lord Langdale, after remarking that it had been usual to file such bills, and many decrees had been made without objection in such cases, the court itself taking care that the separate estate of the wife recovered shall be protected from the husband, and reviewing the reasons given in the English cases for requiring the wife to sue by next friend, said: "And it is for the same reason that I have, though I admit with reluctance, come to the conclusion that I ought to allow this demurrer. I say with reluctance, because I think that suits thus constituted are of familiar occurrence, and I am aware that many decrees have been made in such suits without any inconvenience arising. I think also that in cases in which the husband and wife are not

hostile, very little, if any, additional security is obtained for the wife by the appointment of a next friend, the probability being that, in such cases, the next friend is appointed by the wife on the recommendation of the husband. If a bill by husband and wife for the wife's separate estate were brought to a hearing, if the separate estate consisted of a specific sum recovered and payable, and capable of being secured to the separate use of the wife, I should think that a decree ought to be made." We need not in this case say what would be the proper ruling on demurrer interposed in time to such a bill for want of proper parties under our statute.

The record disclosing the fact that the suit here is for the rcovery of the separate statutory property of the wife which the husband has the care and management of, and no objection having been made to the manner in which the wife sued in the lower court, after default and final decree, such objection can not be made for the first time on appeal in this court. There is, however, an error in the entry of the final decree that is open to the objection of appellants. The mortgage provides for a reasonable fee to be allowed the attorney for foreclosure proceedings. No specific sum was fixed in the mortgage, or alleged in the bill, for this purpose, and it was not competent for the court to decree a sum for this purpose without proof. It appears that the court allowed one hundred dollars as attorney fee for foreclosing the mortgage, without any proof that such sum was a reasonable amount for that purpose. This was error. Long vs. Herrick, 26 Fla., 356, 8 South. Rep., 50; Adams vs. Fry, 29 Fla., 318, 10 South. Rep., 559. The record shows that the decree was only for the first note mentioned in the mortgage less the credit of $80, with interest thereon from the

17th day of December, 1888. The objection that the decree was entered for too much is untenable under the allegations of the bill.

The decree appealed from is affirmed, except as to the allowance of the attorney's fee; and as to this it is reversed with directions for the court to ascertain by competent evidence in accordance with its rules of practice a reasonable attorney fee to be allowed complainants.

Judgment will be entered here accordingly.