HAROLD E. TROWER, APPELLANT, VS. HENRY H. BERNARD, APPELLEE.

EQUITY PRACTICE—IGNORING INFORMAL PLEADING—REFERENCE TO MASTER—WHO TO MAKE ORDER OF.

1. When the defendant to a bill for foreclosure of mortgage interposes a plea to such bill, but fails to verify it by oath, and fails to have it certified by his counsel as being, in his opinion, well-founded in law, the complainant has a right to ignore such a plea, and to treat it as no plea at all, and to enter decree *pro confesso* for want of any pleading.

2. The order of reference to a master to take testimony in a chancery cause should be made by the judge, and not by counsel in the cause.

3. After a decree *pro confesso* is properly entered in a foreclosure suit, where there is no complicated accounting to be had, the judge can hear such evidence, *ex parte* the complainant, as is necessary to determine the reasonableness of attorneys' fees contracted by the mortgage to be paid in the event of its foreclosure, and as to the amount paid out by the complainant for taxes and to keep the property in repair, and can himself compute the amount due for principal and interest on the mortgage, and thereupon render a final decree, without any reference of such matters to a master to take such evidence.

Appeal from the Circuit Court for Lake county.

The facts of the case are stated in the opinion of the Court.

*Jordan & McBride*, for Appellant.

*J. C. Cooper*, for Appellee.

(Judge CALL, of the Fourth Judicial Circuit, sat in the place of Mr. Chief-Justice MABRY, who was disqualified).

TAYLOR, J.:

Henry H. Bernard, the appellee, on the 21st day of January, 1890, filed his bill, for the foreclosure of a mortgage for $1,500 upon real estate, in the Circuit Court of Lake county against Harold E. Trower, the appellant. The mortgage contained special provision for the payment of attorney's fees in case foreclosure thereof became necessary, and the bill contained all of the allegations and prayers for relief that are necessary and usual in such cases. The defendant was duly served with subpœna in the cause, entered an appearance by counsel, and filed a demurrer to the the bill that, upon argument, was overruled by the court, and, as we think, very properly, as the same was so patently frivolous and devoid of merit as to savor of a design to delay. The order overruling this demurrer allowed the defendant until the rule day in June, 1890, to answer the bill. On the second day of June, 1890, the defendant filed what purports to be a plea, but the same was not verified as being true, neither was any certificate of counsel attached thereto certifying as to its being in his opinion well founded

in law, as required by the rules in such cases. On the 9th day of June, 1890, the complainant's counsel ignored this attempt at pleading and entered in the chancery order book a decree *pro confesso;* and on the 10th day of June, 1890, the complainant's solicitors entered an order in the order book referring the cause to one of the standing masters in chancery to state an account of what was due upon said mortgage. The master calculated the interest due upon the note and mortgage, and took testimony as to what was a reasonable attorney's fee for foreclosing said mortgage, and as to what had been paid out by the mortgagee for taxes on the mortgaged property, and for cultivating the orange grove thereon, all of which was specially provided for by the mortgage, and reported the same to the court, which report showed a total amount due to the complainant of $1,890.91. On the 24th day of July, 1890, the Judge, upon the report filed by said master, rendered a final decree of foreclosure for the amount reported due by the master for principal and interest, taxes, amounts paid for keeping the property up and for attorney's fees, and the same master in chancery was therein appointed and directed to execute said final decree by a sale of the property; and it was therein directed that said master should make report to the court of his execution of said final decree, and that upon the coming in and conformation of such report the complainant should have such further order or decree in the premises as should be proper. Said final decree also allowed the said master the sum of five dollars for taking and reporting the testimony as to the amount due upon the mortgage. After the sale of the mortgaged premises under the decree of fore-

closure, on the 1st day of September, 1890, the master appointed to make said sale made his report thereof to the court, showing that the complainant in the bill had become the purchaser of the mortgaged premises at the public sale thereof duly advertised, and that there was a deficit of $430.18, that the property fell short of bringing at the sale. On the 2d day of September, 1890, the Judge made an order confirming the report of the master, and awarded to the complainant a general judgment and execution as at law for the deficiency. On the 26th day of September, 1890, an execution as at law issued against the defendant for the enforcement of the deficiency judgment, to be levied and collected generally of the defendant's goods, etc. On the 30th day of January, 1891, the defendant, in Duval county, Florida, made an affidavit and bond, alleging that said execution was illegal, because at the time of the entry of the decree *pro confesso* against him in the foreclosure suit he had a plea on file to the bill for foreclosure. The bond given by the defendant accompanying his affidavit of illegality of the said execution recites that said execution had been levied by the sheriff of Duval county upon a stock of goods there of the defendant, and was conditioned to return the goods levied upon to the officer making the levy on demand if said execution should be adjudged to be legal. On the 16th day of April, 1891, upon notice and motion, the Judge of the Circuit Court for Lake county made an order setting aside the defendant's affidavit of illegality and awarding execution against him and the sureties upon his illegality bond. From this last order the defendant Trower alone, on the 18th day of May, 1891, entered an appeal to the June term, 1891, of this court, and

executed an appeal bond with the same sureties thereon who were upon his illegality bond. The transcript of the record upon this appeal was duly certified to this court by the clerk of the court below on the 28th day of May, 1891. Subsequently this appeal was withdrawn and dismissed here, and on the 28th day of March, 1892, the defendant entered another appeal in the cause from the final decree of foreclosure simply.

The assignments of error are, that the court below erred in overruling the defendant's demurrer to the bill. 2d. The entry of the decree *pro confesso* was without the authority of the court below and was not made by the court. 3d. The court erred in allowing the complainant's entry of decree *pro confesso* to stand. 4th. The order of reference was without the authority of the court below, and was not made by the court. 5th. The court erred in allowing the complainant's order of reference to an alleged master to stand. 6th. There was nothing upon which to base the final decree of the court. 7th. Said final decree was contrary to equity. All of these assignments of error are abandoned here except the second and fourth, to the effect that the entry of the decree *pro confesso* was without the authority of the court below and was not made by the court; and that the order of reference was not made by authority of the court or by the court itself.

The pleas filed by the defendant to the complainant's bill besides being utterly frivolous and devoid of any merit upon its face, was not sworn to, or certified by counsel, as before shown. The complainant under these circumstances had the right to ignore it altogether and to treat it as no plea at all, and to enter de-

cree *pro confesso* for want of any pleading, which right the complainant exercised here. Taylor vs. Brown, 32 Fla., 334, 13 South. Rep. 957. There was, therefore, no error in the entry of the decree *pro confesso* as is contended. The order of reference to the master was entered by the counsel for the complainant, and not by the court. The correct practice is for the court to make an order referring a cause to a master to take testimony, but under the circumstances here this technical irregularity will not be sufficient to reverse the final decree. The complainant, after the entry of decree *pro confesso* in the cause, had the right to proceed *ex parte* therein. He could have gone with his evidence, without any reference to a master at all, directly before a judge, who could himself have computed the amount due upon the mortgage, and, *ex parte* the complainant, heard evidence as to the amount to be awarded for attorney's fees, taxes, etc., under the mortgage, and thereupon rendered his final decree. May and Pasco vs. May, 19 Fla. 373; Ballard vs. Lippman Bros., 32 Fla. 481, 14 South. Rep. 154; Long vs. Herrick, 26 Fla. 356, 8 South. Rep. 50. The proofs submitted to the chancellor here were taken before a standing master of the court, and though the order of reference to such master signed by counsel was irregular, yet the court in its final decree recognized it as authoritative and acquiesced therein. If the same proofs had been taken *ex parte* before any officer authorized to administer oaths and submitted to the chancellor in the form of sworn statements he could, with propriety, have acted thereon as he did here. In the absence of any tender or disclosure of any defense of merit in the cause, but, instead, an exhibition on the part of the

defendant of a desire to hinder and delay the cause, we do not think that the application here for a reversal of the final decree because of such a technical irregularity in the proceedings below, in a non-essential matter, should meet with any favorable consideration at our hands.

The decree appealed from is affirmed.