LUCILE COZINE, WILLIAM CHILD AND JOHN ALDRIDGE, *Plaintiffs in Error* v. T. H. RANDOLPH AND C. Z. FENN, CO-PARTNERS, *Defendants in Error.*

Opinion filed May 2, 1916.

1.  Sureties upon a bond may be bound, though the *feme covert* principal be not bound.

2.  A married woman may interpose a claim to her personal property levied upon as the property of her husband.

Writ of Error to Circuit Court, Leon County; E. C. Love, Judge.

Judgment reversed.

*W. C. Hodges* and *Fred H. Davis,* for Plaintiffs in Error;

*McCord & Johnston,* for Defendants in Error.

COCKRELL, J.—This case involves the right of a married woman to interpose a claim proceeding at law for the recovery of her separate personal property, seized under an attachment instituted against her husband. The right was denied apparently upon the theory that she could not give a valid bond or be heard in a court of law in her own name.

General Statutes, section 1367 provides: "A married woman may interpose a claim to her personal property levied upon under legal process * * * with all the rights, powers and privileges of a *feme sole.*"

We do not know of any constitutional objection to the validity of this enactment and its meaning seems to us clear; a remedial statute providing a prompt method of permitting a married woman to secure herself in the possession of her own. The legislation imposes upon her no obligations interdicted by the constitution, and the plaintiff in attachment is protected by the sureties upon the claim bond who are bound even though we assume that the *feme covert* principal be not bound.  32 Cyc. 27.

The case of Fairchild v. Knight, 18 Fla. 770, was decided long before the quoted statute and probably brought the statute into being.  That case pointed out the difficulties, as the legislation then existed, in the way of a

married woman seeking to assert her rights in a court of law, and section 1367 was intended to remove those difficulties.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, and ELLIS, JJ., concur.

WHITFIELD, J., disqualified.