N. B. CHEANEY and MADELINE CHEANEY, et al, *Appellants*, v. FORT LAUDERDALE BANK AND TRUST COMPANY, as Executor, *Appellee*.

Opinion filed December 5, 1928.

*Chancey & Saunders*, for Appellants;

*Baxter, Byrd & Walton*, for Appellee.

KOONCE, Circuit Judge:

The appellee filed its bill against the appellants to foreclose a mortgage. The defendants N. B. and Madeline Cheaney appeared and on the next succeeding rule day filed a plea to the bill of complaint. To this plea was appended the certificate of counsel that in his opinion the said plea was well founded in point of law. There was also appended to the plea an affidavit as follows:

"State of Florida,
"County of Broward.

Before the undersigned authority personally appeared this day N. B. Cheaney and Madeline Cheaney,

his wife, who being first duly sworn on their several and respective oaths, depose and say that they have read the foregoing plea and know the contents thereof and that said plea is true in point of fact.

"N. B. CHEANEY,
"MADELINE CHEANEY.

Sworn to and subscribed before me this 4th day of April, A. D. 1927.

"J. F. DICKEY, Notary Public."

About three weeks after the filing of such plea the complainant moved the court for a decree *pro confesso* against the defendants N. B. and Madeline Cheaney on the ground that the plea filed did not conform to Equity Rule No. 48 for the guidance of the circuit courts. The judge entered the decree *pro confesso*. This appeal is from the order of the judge entering decree *pro confesso*.

It is, of course, apparent that the objection to the plea is that the affidavit of the defendants required by Rule 48, did not state that such plea was "not interposed for delay."

It has been held by this Court that a demurrer lacking in both the certificate of counsel and the affidavit of defendant required by the rule is so fatally defective as to warrant the entry of a decree *pro confesso*. Taylor v. Brown, 32 Fla. 334; 13 So. R. 957. It has also been held by this Court that a plea not sworn to and not having the certificate of counsel may be treated as a nullity and decree *pro confesso* entered. Trower v. Bernard, 37 Fla., 226; So. R. 241.

In the cases cited above there appears to have been such a total failure and utter disregard of the rule that the nullity of the plea or demurrer was not even debatable. In the instant case the rule was not wholly disregarded, though

the affidavit is lacking in the essential requirement that the plea was ''not interposed for delay.''

The language of equity Rule 48 is plain and concise. There can be no other interpretation than that the rule requires the affidavit both to demurrers and pleas to state that the same is not interposed for delay. About the only change in the wording of the rule which could have been added to make the meaning any clearer might have been to have substituted for the word ''and'' or inserted immediately thereafter, the word ''also'' or ''further'' near the end of the rule where it read ''and if a plea,'' etc.

The circuit court rules are made for the guidance of the attorneys and the courts, and are expected to be observed in their entirety and not simply in part. It is true that the affidavit in this case partially complies with the rule, whereas in the cases cited there was no attempt to follow the rule either as to certificate of counsel or affidavit of defendant, yet the omitted words were essential. It is contended by appellants that where an affidavit states that the plea is true in point of fact and the plea also has the certificate of counsel, that it is in his opinion well founded in point of law, that this is equivalent to saying that it is not interposed for delay, in other words that it is merely claiming a legal right and that this is not delay. It is equally as plausible to say that the opinion of a counsel that a demurrer is well founded in point of law is evidence that it is not interposed for delay, yet it could hardly be said that a demurrer lacking the affidavit of the defendant that it is not interposed for delay complies with the rule. Pleas in chancery are regarded as dilatory in their nature though of course they may present (and a proper plea does present) a legal defense.

Here we have a plain proposition presented to a circuit judge that a paper purporting to be a plea is filed but that

it fails to meet the requirements of the rule in an essential point. The judge is asked to enter a decree *pro confesso* because of such attempted plea being no plea. What can he do but grant the motion? There is the rule and there is the plea failing to comply with the rule.

It is true that this Court has held that when application is made promptly affidavits which have been omitted may be permitted to be filed at any time *before* decree *pro confesso* has been entered. Wilson v. Mitchell, 20 So. R. 241; 37 Fla. 226. Even after a decree *pro confesso* entered should the pleader apply to the court promptly for an order vacating such decree, making proper showing of mistake or inadvertence in the omission to append the affidavit, it would be within the sound discretion of the court to open the default or vacate the decree *pro confesso* upon such terms and conditions as to the court might seem proper under all the circumstances. It is not the policy of the courts to cut off proper defenses upon mere technical pleadings by hard and fast rules. But rules of practice are necessary for orderly procedure and attorneys are supposed to know the rules, and the courts are to take pleadings prepared by attorneys to mean exactly what they say. So the failure to include in an affidavit prepared by an attorney certain essential words may be taken by the court to have been intentional. This is especially true where there is no indication to the court that the omission was by accident.

It appears from the record in this appeal that the defendants shortly after the entry of the decree *pro confesso* discovered the error, for an appeal was taken from the decree *pro confesso* within a few days. There is no showing here that any effort was made in the lower court to vacate such decree for any cause shown. But we find the defendant insisting upon the correctness of the affidavit. Had there been application made to the court showing that the

affidavit was improperly prepared by accident, oversight or inadvertently, the court might have considered such motion, realizing that all are subject to error, and have vacated the decree, allowing the defendants to present a proper defense. This might have been upon such terms and conditions as to the court might have seemed fair and equitable, all things considered. But if the defendant's counsel did not prepare the affidavit in such form by mistake, but the form was purposely used, or he does not wish to confess to a mistake and stands upon his error, then he must suffer the consequences of such error. Filing a motion to vacate the decree would have afforded the circuit judge an opportunity to exercise his sound discretion, and if that discretion was abused it would have given the appellant a reasonable opportunity to have the judge's exercise of discretion reviewed on appeal. It might be remarked here that observation teaches that generally judges are not arbitrarily technical, but are more inclined to be liberal in the exercise of reasonable discretion, to the end that complete equity may be done between litigants. But in this case no opportunity was offered the judge to exercise any discretion other than to obey the rule. The defendant disregarded the rule and insists on the right to so disregard it, and must therefore suffer the penalty of such disregard.

(1). Rule 48, Equity Rules of Circuit Courts, requires the affidavit appended to a plea to state not only that the plea is true in fact but it must also (the same as demurrer) state that it is not interposed for delay. A failure to state in such affidavit that the plea is not interposed for delay is fatal to its sufficiency and a decree *pro confesso* is properly entered where such a pleading is filed.

The decree of the circuit court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the circuit court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.