LAKE MABEL DEVELOPMENT CORPORATION, a Corporation, *Appellant*, v. H. W. BIRD, substituted for W. H. MARSHALL, Appellee.

*Walsh, Beckham, Farley & Ellis*, for Appellant;

*McCune, Casey, Hiaasen & Fleming,* for Appellee.

MATHEWS, Commissioner:

On petition for rehearing of Lake Mabel Development Corporation v. H. W. Bird, substituted for W. H. Marshall, 99 Fla. 253, 126 So. R. 356, it is suggested this Court in sustaining the court below in striking the plea incorporated in the amended answer of the defendant, overlooked the statute which provides that the defendant may, in all cases, instead of filing a formal plea or demurrer, insist on any special matter in his answer, and have the same benefit thereof as if he had pleaded the same matter or had demurred to the bill, Section 4913, Comp. Gen. Laws of Florida 1927; Section 3126, Rev. Gen. Stats..1920, and also overlooked the fact that the plea incorporated in the amended answer was sworn to.

The plea which was stricken was in form a plea, designated as such by the pleader and was supported by affidavit that the plea in the answer contained is true.

Equity rule number 48 is plain and concise that a plea in equity should be certified to by counsel as being in his opinion well founded in point of law and should be supported by the affidavit of the defendant, or in case of his absence from the State, of his attorney or agent, that it is not interposed for delay and that it is true in point of fact.

Matters of defense dominated a plea and contained in an answer should comply with equity rule 48 requiring certificate and verification. Burroughs Land Co. v. Murphy, 131 Miss. 526, 95 So. R. 515.

Rules of practice are necessary for orderly procedure and are expected to be observed in their entirety and not simply in part. Cheaney v. Fort Lauderdale Bank & Tr. Co., 96 Fla. 699, 119 So. R. 646.

The plea was lacking in the certificate of counsel and the affidavit failed to state that the plea was not interposed for delay, and no error was committed in striking the plea. Cheaney v. Fort Lauderdale Bk. & Tr. Co., *supra;* Burroughs Land Co. v. Murphy, *supra.*

This case is unlike Burr v. Powell, 63 Fla. 379, 58 So. R. 39, where the Court had before it for consideration affirmative defenses contained in an amended and separate answer which were not offered by way of pleas and which were not required to be dealt with by the complainant in any manner other than as part of the answer in the case.

The petition in this case suggests nothing that was not fully considered by the Court on appeal.

Rehearing denied.

PER CURIAM.—This cause coming on to be heard upon the petition for rehearing filed herein, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, having been adopted by the Court as its opinion, it is considered and ordered by the Court that the said petition for rehearing be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.