Arthur Schenck as Receiver of the Bank of Wauchula exhibited its bill in the Circuit Court for Hardee County to enforce a mortgage lien upon certain lands in that county against Mary Flowers, a widow, and William Leonard Flowers.
The debt to secure which the mortgage was executed was evidenced by a promissory note signed by Mary, William, and Ed Flowers in the sum of twelve hundred and fifty dollars. The mortgage was also signed by them. Mary was the wife of Ed Flowers, who died before this suit was commenced. The note was dated November 23, 1927, payable ninety days after date to The Bank of Wauchula. The suit was commenced in June, 1931.
In August, 1931, a plea in behalf of Mary Flowers was interposed to the bill. The averments in substance were that she was a married woman when the mortgage was executed, that the land mortgaged constituted the homestead of the defendants when the mortgage was executed, that the land constituted part of her "statutory separate estate;" that she never appeared "before a Notary Public or any other officer authorized to administer oaths and take acknowledgments" and acknowledged the execution of the mortgage as required by law either when the mortgage was executed or at any other time; that "she did not appear at any time before or in the presence of the Notary Public or officer whose name is signed to the pretended certificate of acknowledgment upon the said mortgage;" that the certificate is false, untrue and fraudulent and does not state the truth in that the defendant did not personally appear before said officer at any time, nor in any manner acknowledge that she executed the said mortgage in the manner required by law or in the manner set forth in the certificate of acknowledgment. *Page 259 
The certificate of the notary embraces the required statements as to the appearance of the married woman before the officer separately and apart from her husband and her acknowledgments as to the execution of the instrument without compulsion, constraint, apprehension or fear of or from her husband.
The plea was good so far as its averments were involved, that is, it met all requirements of clearness and certainty, but its averments were not verified by the oath of the defendant, her agent or attorney. Nor was there any certificate of counsel that in his opinion it was well founded in point of law. That being true, the document was forbidden by the rule to be filed. It was not such a pleading as could be regarded as a reply, answer, demurrer or plea to the suit instituted. It had no place in the file. It was an outlaw, entitled to no consideration. The court should have ignored it. See Rule 48 Circuit Courts, Equity Actions; Taylor v. Brown, 32 Fla. 334, 13 Sou. Rep. 957; Trower v. Bernard, 37 Fla. 226, 20 Sou. Rep. 241; Lake Mabel Dev. Co. v. Bird, 99 Fla. 259, 129 Sou. Rep. 105; Cheaney v. Fort Lauderdale Bank Trust Co., 96 Fla. 699, 119 Sou. Rep. 108.
If a decree pro confesso could have been entered thus ignoring the plea it follows that it was useless for any purpose of the defendant in the cause.
No defense was interposed to the bill by Mrs. Flowers or W. L. Flowers. Mrs. Flowers' depositions were taken in the case which supported the averments of the plea. The court in its findings declared that the complainant had duly proved its bill of complaint and that the equities were with the complainant. Such would have been the effect of a decree pro confesso which could have been entered ignoring the plea. The decree ordered a sale of the land.
I do not agree with my brothers in the "per curiam" *Page 260 
order of reversal of the decree. Such an order virtually amounts to a holding that parties to litigation may ignore the rules of court procedure, pleading and practice, and proceed to a hearing upon an issue not duly presented, but on the contrary, in violation of orderly procedure and although the Chancellor's decree was such as should have been entered ignoring the plea and following a pro confesso decree, it may nevertheless be reversed by an appellate court on the matter attempted to be set up by way of the plea which, under the rule, was not permitted to be filed.
The requirements of the rule are salutary, making for the economical and speedy administration of justice. They are not such trivialities that they may be brushed aside or ignored by a complainant who is either not informed of the rule's requirements or indifferent to an orderly procedure.
No litigation can be imagined in which some pretense of a defense may not be drawn from the imagination and set up to defeat the action. So the rule requires that the averments of fact be verified by the oath of the pleader or his agent and that the solicitor shall certify that the defense is well founded in point of law. The rule constitutes the court's guaranty of protection from unfounded and immaterial issues.
If the plea had been properly verified and certified to by counsel there would have been no other issue in the case. The litigation could have been disposed of by the testimony of Mrs. Flowers and her son. As it was the parties went on about the debt, how it was contracted, where the money went, and who obtained the benefit from it, etc.
The statute requires this Court upon an examination of the record to give such judgment or decree as the court *Page 261 
below ought to have given or as it may appear according to law. See Sec. 4637 C. G. L., 1927.
The decree was correct and should be affirmed.