FLORIDA SCHOOL-BOOK DEPOSITORY, INC., v. C. C. LIDDON.

153 So. 902.
Opinion Filed March 5, 1934.

150

*Lewis & Lewis,* for Plaintiff in Error;

No appearance for Defendant in Error.

PER CURIAM.—In an action at law judgment was entered against the plaintiff, Florida School-Book Depository, Inc., in favor of defendant, C. C. Liddon, upon failure of plaintiff below to further amend its amended declaration after defendant's demurrer was sustained thereto with privilege of pleading anew by filing a second amended declaration. Writ of error brings the judgment here for review.

The suit was against Liddon as surety on the bond of a firm designated as Golden Rule Department Store. The bond sued on was of the tenor following:

"STATE OF FLORIDA:

"COUNTY OF ........................

"KNOW ALL MEN BY THESE PRESENTS: *That the Golden Rule Dept. Store* as principal, and *C. C. Liddon* as sureties, are held and firmly bound unto the (Florida School-Book Depository Branch, Inc.) a corporation of the State of Florida, its successors and assigns, in the sum of $1,500.00, for the payment of which we hereby bind .ourselves, jointly and severally, our heirs, executors and administrators by these presents.

"The condition of the foregoing bond is as follows: The principal herein, *The Golden Rule Dept. Store,* has entered into a contract with the Florida School-Book Depository, Inc., Jacksonville, Fla., dated ........... day of May 6th, 1926, relative to the sale and distribution of certain school books,

in the County of *Jackson,* State of Florida. Reference to said contract is hereby made, and the terms of said contract are herein incorporated.

"If said ............ shall well and truly comply with, fulfill and perform each and every terms of said contract as, when, and in the manner called for by said contract, then this obligation to be void; otherwise to remain of full force and effect.

IN WITNESS WHEREOF, we have hereunto affixed our hands and seals, this 6th day of May, 1926.

"GOLDEN RULE DEPT. STORE, *Principal*   (Seal)
"C. C. LIDDON, ............................ *Surety*   (Seal)
"........................................................, *Surety*   (Seal)
"........................................................, *Surety."* (Seal)

Sureties upon a bond may be bound though the principal be not bound because the principal named is fictitious or because the principal is under some legal disability prohibiting his being bound as such. Cozine v. Randolph, 71 Fla. 603, 72 Sou. Rep. 177. The rule is that one who signs as surety warrants the existence and validity of the obligation of the party named as principal. This is so, although it may transpire that one or more of the signatures of the principals are forged. 8 Am. St. Rep. 247, note.

But where the bond fails to sufficiently set forth any legally recognizable or enforceable condition, the courts have no right to presume that the contracting parties intended to insert in the bond a provision other than, or different from, that which the language actually used indicated. To supply terms wherein the writing is plainly deficient, would, in effect be making of a contract for the parties, which the courts are powerless to do (Fitzgerald v. Staples, 88 Ill. 234, 30 Am. Rep. 551), although an obviously unintentional omission in the bond may sometimes be supplied by refer-

ence to the whole instrument, when what was intended is reasonably certain of determination from the instrument in its entirety. Kincannon v. Carroll, 9 Yerg (Tenn.) 11, 30 Am. Dec. 391; Giles v. Halsted, 24 N. J. L. (4 Zab.) 366, 61 Am. Dec. 668, and note.

In the present case, the bond sued on is made a part of the original as well as of the amended declaration. It is not a statutory bond. So its meaning, intent and purpose can only be arrived at from a consideration of its particular language. That language is to the effect, "If said ............ shall well and truly comply with, fulfill and perform," etc., the terms of a certain private contract, the obligation shall be void. To supply the name of "Golden Rule Dept. Store." in the blank space which appears to have been left designedly in the bond (as evidenced by the fact that there is a distinct blank line that is not filled in where something. should have been filled in) would be for this Court to write the obligation for the parties which it was their duty to make for themselves.

Without reformation of the writing, such as by filling in the blank space where an omission of a material part of the obligation is indicated, which reformation could have been had only in a court of equity, if at all, there was nothing by which the court below could have been guided in adjudicating that it was the intention of the defendant sued as surety to be bound for the defaults of his alleged principal in the particulars set forth in the plaintiff's pleadings in the court below. Hence, the demurrer to the plaintiff's original as well as amended declaration were properly sustained and the judgment should be affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.