F. D. CANTEY v. M. A. SMITH, as Liquidator of the Citizens Bank of Madison.

164 So. 707.

En Banc.

Opinion Filed December 12, 1935.

*Davis & Davis,* for Plaintiff in Error;

*R. C. Horne,* for Defendant in Error.

PER CURIAM.—This case comes before this Court on writ of error from the Circuit Court of Madison County, Florida, wherein M. A. Smith, as Liquidator of the Citizens Bank of Madison, a defunct banking corporation, filed a suit in ejectment against one F. L. Cantey, plaintiff in error, for the recovery of certain lands described in the declaration.

The defendant below, plaintiff in error here, pleaded "not guilty" and also interposed a special plea on equitable grounds which asserted that he entered upon, was seized of and possessed an undivided half interest in said lands; that he was the head of a family residing on one forty of the lands; that he conveyed his interest in the land to one W. T. Davis as Liquidator of the defunct Citizens' Bank of Madison, which deed was signed by his wife; that he was entitled to a homestead in said lands, but that the same had never been set apart or allotted to him; that defendant's said deed to the liquidator was ineffectual to convey the title to his homestead in that his wife "did not separate and apart from this defendant, her husband, appear before an officer authorized to take acknowledgments of deeds and then and there, separate and apart from this defendant, or otherwise, acknowledge that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her said husband, as is required by the Constitution and the laws of the State of Florida for the conveyance of a homestead, anything appearing in any certificate of acknowledgment attached to said deed to the contrary notwithstanding," and that his said wife received no part of the consideration for the alleged conveyance, and had not been benefited by such transaction.

A demurrer was filed to the second plea. In upholding it the trial court stated: "The plea by its phraseology admits the appearance of Mrs. Cantey before the officer taking the acknowledgment, then simply asserts that she was not examined separate and apart from her husband. But there is no allegation that she did not sign the deed freely and voluntarily of her own accord, or that she was under any compulsion, fear, duress or apprehension in the execution

of the instrument. Therefore the Court is of the opinion that the demurrer be and the same is hereby sustained."

It is the opinion of this Court that the trial court was correct in so holding. The plea fails to sufficiently allege circumstances that would overcome the conclusiveness of the acknowledging officer's certificate, which is a quasi-judicial record, in that there is no allegation directly averring that Mrs. Cantey was never before the acknowledging officer, but merely an allegation to the effect that she did not appear before such officer "separate and apart from her husband" when as a matter of fact if she appeared before him and acknowledged the deed, with or without her husband, the certificate of the acknowledging officer would be conclusive unless fraud or duress was both alleged and proven.

In the case of Flowers v. Schenck, 110 Fla. 256, 148 Sou. Rep. 581, this Court said in the syllabus to that case:

"Where the contention is that a married woman never at any time appeared before the notary whose certificate of acknowledgment is challenged on that ground, the court should decide that question as a factual question of jurisdiction of the notary to make a certificate before imparting a conclusive effect to the certificate. Once the notary has acquired jurisdiction by having the parties actually appear before him, then his certificate becomes conclusive in the absence of a clear and convincing showing of fraud or duress."

In the instant case there is no showing or allegation of fraud or duress, neither is there any showing that Mrs. Cantey, wife of plaintiff in error, had never appeared before the acknowledging officer so that he could not have acquired jurisdiction. Had such allegations been made there would have been raised a factual issue for the consideration

of the jury. Shear v. Robinson, 18 Fla. 379; Rausch v. Equitable Life Assurance Society of United States, 77 Fla. 846, 82 Sou. Rep. 295; Hutchinson v. Stone, 79 Fla. 157, 84 Sou. Rep. 151.

There must exist or have existed either fraud or duress for Mr. Cantey to avoid this deed on behalf of Mrs. Cantey, or a clear showing that the certificate of acknowledgment was made under circumstances constituting a legal fraud in that grantor's wife was never before the acknowledging officer. Holland v. Webster, 43 Fla. 85, 29 Sou. Rep. 625; Forssell v. Carter, 65 Fla. 512, 62 Sou. Rep. 926; Oates v. New York Life Ins. Co., 113 Fla. 678, 152 Sou. Rep. 671. In the instant case none of these facts were alleged.

In the case of Suttle v. Wold, 117 Fla. 802, 158 Sou. Rep. 447, decided in January, 1935, this Court, speaking through Mr. Chief Justice WHITFIELD, said: "Where the authorized officer's certificate is in its contents legally sufficient, it will prevail unless duly impeached by *allegation* and proofs that the married woman did not in fact appear before the officer when the certified acknowledgment purports to have been taken by the officer or that there was vitiating fraud in the acknowledgment." McEwen v. Schenck, 108 Fla. 119, 146 Sou. Rep. 839; Smith, Liquidator, v. Hogan, 117 Fla. 82, 157 Sou. Rep. 183.

The deed in question here appears to have been given to W. T. Davis as Liquidator of the Citizens Bank of Madison by T. L. Cantey, *et ux.* In May, 1933, Davis was displaced by M. A. Smith, who was general liquidator for all banks in liquidation in the State of Florida under appointment made by J. M. Lee, Comptroller of the State of Florida. The subsequent appointment of M. A. Smith, as Liquidator of the Citizens Bank of Madison, Florida, states that "whereas, M. A. Smith on the 12th day of January,

1933, was designated by the Comptroller * * * as General Liquidator * * * and has executed the bond required of him * * * in good and sufficient form, which has been duly approved and filed by and with the Comptroller * * * it was deemed advisable, for the best interest of the Citizens Bank of Madison * * * to accept the resignation of W. T. Davis * * * Now therefore I * * * do hereby appoint * * * M. A. Smith * * * to be the liquidator of the said Citizens Bank of Madison," etc.

The plaintiff in error attacks Smith as proper plaintiff in this suit by questioning the constitutionality of Section 20 of Chapter 13576, Acts 1929, under which he was appointed and qualified as General Liquidator; the failure of said M. A. Smith to sign his bond as General Liquidator; his failure to give a special and additional bond as liquidator of the Citizens Bank of Madison. He further contends that M. A. Smith could not in the capacity of General Liquidator assume to act as local liquidator of the Citizens Bank of Madison and in that capacity take over and administer the assets and affairs of such bank. In other words, the title to the defunct bank's assets cannot be held by M. A. Smith in the dual capacity of General Liquidator and Special Liquidator of the Citizens Bank of Madison.

In the case of State, *ex rel.* Davis, v. Knight, 98 Fla. 891, 124 Sou. Rep. 461, Section 20, of Chapter 13576, Acts of 1929, was treated by this Court, in its opinion, as being merely an "added" paragraph to existing Section 4162 R. G. S., 6102 C. G. L. The title to Chapter 13576, Acts 1929, is as follows:

"An Act to amend Sections 4087, 4126, 4128, 4137, 4144, 4145, 4146, 4147, 4148, 4151, 4152, 4155, 4159, 4160, 4161 of the Revised General Statutes of Florida, and Section 1 of Chapter 7930 and Section 1 of Chapter 7935, Laws of

Florida, and Sections 4162, 4164, 4165, 4166, 4167, 4171, 4183, 4185, 4186, 4187, 4189, 4191, and 4200 of the Revised General Statutes of Florida relating to Banking."

It is therefore apparent that if Section 20 of said Chapter 13576, *supra,* be construed as merely an "added" part of Section 4162, R. G. S., *supra,* which is referred to by number in the title, that said Section 20 is within the purview of the title and the subject matter of said Section 20, being a part of Section 4162, R. G. S., is not unconstitutional as violative of Section 16 of Article III of the Constitution requiring the subject of a legislative Act to be expressed in its title.

The bond given by M. A. Smith, as General Liquidator, binds the sureties on it although Smith may have omitted to sign it as principal obligor. Cozine v. Randolph, 71 Fla. 603, 72 Sou. Rep. 177; Florida School-Book Depository, Inc., v. Liddon, 114 Fla. 149, 153 Sou. Rep. 902. Such bond is therefore a "bond and security" sufficient to comply with Section 19 of Chapter 13576. At all events, the objection is non-availing to the plaintiff in error as against Smith, the general liquidator, under the showing of Smith's title as laid in his declaration.

Judgment affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, J., concurs specially.

ELLIS, P. J. (concurring).—I concur in the majority opinion as to the insufficiency of the second plea. The plea is not clear that Mrs. Cantey did not appear before the officer taking the acknowledgment of the deed of conveyance, but only that she did not appear before him separately and apart from her husband. *Non constat* she appeared before him with her husband. If she did, the jurisdiction of the officer

was established and the certificate of acknowledgment as to her becomes unimpeachable in the absence of averments of fraud or duress. Shear v. Robinson, 18 Fla. 379; Flowers v. Schenck, 110 Fla. 256, 148 Sou. Rep. 581.

I expressed that view in a dissenting opinion in the case of Smith v. McEwen, 119 Fla. 588, 161 South. Rep. 68.

In Flowers v. Schenck, *supra,* I expressed the view that while the plea was sufficient in its averments as to the non-appearance of the married woman before the officer, the decree should nevertheless be affirmed because the plea not having been verified and not bearing the certificate of counsel as the rule required, was an outlaw not entitled to be filed and should have been ignored.