22 577
44 273

L. S. BURROWS, PLAINTIFF IN ERROR, VS. R. D. MICKLER, DEFENDANT IN ERROR.

1. The time mentioned in section 6, chapter 1938, Laws of Florida, within which an application may be made to the court, or a judge thereof, to set aside a "default or judgment for want of an appearance, answer or plea," commences to run from the date of the entry of the default without regard to the time when the final judgment based thereon may be entered.

2. There is nothing in the statute to authorize the construction that the defendant has the right to make an application to set aside a fault within sixty days after its entry, and also the further right to make a similar application to set aside the final judgment within sixty days after its rendition.

3. The words, "default or judgment," used in the last proviso of said section, are used synonymously and refer to interlocutory judgments.

Writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*M. C. Jordan* for Plaintiff in Error.

*Doggett & Buckman* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

Robert D. Mickler brought suit against Levi S. Burrows in the Circuit Court of Duval county, and a summons was issued and served on the defendant, returnable to the rule day in April, 1885, on which day the defendant by his attorney entered his appearance. The defendant having failed to demur, or plead to the declaration filed, a default was entered on motion of plaintiff's attorney by the Clerk of the Circuit Court at the rule day in June, 1885,

37

and afterward, on the first day of August, a final judgment was entered against the defendant.

On the 26th day of September the defendant by his attorney moved the Circuit Judge to set aside the final judgment, which motion the Judge refused upon the ground that said motion was not made within sixty days from the entry of the default. The contention of plaintiff in error is that section 6, chapter 1938, Laws of Florida, allows the defendant to file his motion to set aside the final judgment at any time within sixty days after its rendition. The language of the statute is as follows: " The defendant or defendants shall enter his, her, or their appearance on the return day of the writ or summons, in which case he, she, or they shall have until the next succeeding rule day to demur, plead, or answer to the declaration, and all issues thereupon shall be made up by the first day of the next succeeding term, and within such period from the filing of the pleas, as to the filing of replication and other pleadings, as may be provided for by the rules of court existing, or which may be adopted. But if the defendants shall fail to appear on the return day of the writ, or process, the plaintiff may cause a default to be entered by the clerk against the defendant or defendants, and thereupon he may proceed to take final judgment as hereinafter provided. In like manner, if, after appearance, the defendant or defendants shall fail to demur, plead, or answer at the rule day when the demurrer, plea, or answer is required to be filed, the plaintiff may cause judgment by default to be entered by the clerk, and thereupon may proceed to take final judgment as hereinafter provided; *Provided, however,* That the Court, or the Judge thereof, in vacation, may, upon grounds satisfactory to him, give the defendant further time to demur, plead or answer, when, if the same is not filed within the time allowed, the same proceedings may

be taken as in case of default ; *And provided further,* That the court, or the judge thereof may, for good cause to him shown upon any default or judgment for want of appearance, answer or plea, *and* allow the defendant or defendants to demur, plead or answer within a period of time to be fixed by the said court or judge ; but the application therefor must be made within sixty days from the time of the entry of such default or judgment, unless a term of the court shall in the meantime be held, when such application must be made during such term."

We do not think the position tenable. The statute uses the words " default or judgment" synonymously, and not alternatively as insisted by plaintiff in error, except where it alludes to the final judgment provided for in section 7.

In the first clause of the statute which relates to proceeding upon a failure to enter an appearance it is spoken of as a " judgment by default." The object of section 6 is to require the entry of a default for want of an appearance, demurrer or plea as a preliminary step to a final judgment, and that only "judgment by default is obtained where one party neglects to take a certain step in the action within a proper time." Rapalje & Laurence Law Dic., 694. " If judgment by default is taken against the defendant in an action for damages, it is an interlocutory one, because the amount of the damages has to be assessed, after which the final judgment is entered." Ibid.

The application to set aside this " judgment by default," or " default or judgment," must be made within 60 days after the entry of the same without regard to the time when the final judgment consequent on such default may be entered. Of course if such default is set aside by the court the opening of the final judgment based on it is a natural legal consequence.

If the construction that the plaintiff in error insists on were correct the defendant would be allowed 60 days after the entry of a default to make his application to set it aside, and then further time of 60 days after the entry of final judgment to set it aside, not on account of any defect in the judgment itself, but for the same reason for which he might have moved to set the default aside. This could never have been the object of the statute.

Judgment affirmed.