F. J. DUDLEY AND T. A. JENNINGS, PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF F. J. DUDLEY & CO., PLAINTIFFS IN ERROR, VS. JOHN F. WHITE, DEFENDANT IN ERROR.

1. The fact that the judge of a Circuit Court is the plaintiff, or for other reason disqualified in a cause pending in that court, in no manner affects the power of the clerk of the court to perform the ministerial act of entering defaults proper to be entered because of failure to plead within the time required by law, conferred on him by statute; and a default so entered in such a case by the clerk, tested in the name of the judge as well as his own, is valid.

2. If a motion to dismiss filed by the defendant in an action at law within the time allowed by the statute for filing a plea or demurrer be of such a character that the plaintiff will be justified in treating it as a nullity, he may disregard it, and cause the clerk to enter a default for failure to plead to demur, but if the motion be not of that character, no default can be entered until the motion is disposed of.

3. An unverified motion to dismiss in behalf of both defendants in an action at law against two, one of whom has been duly served with process in the county where the suit is instituted, the grounds of such motion being that the court has no jurisdiction over the defendants therein, that the cause of action did not accrue in such county, that neither defendant resides in said county, that there is nothing local in the action that gives the court jurisdiction, filed on the return day of the summons, where there is nothing in the record tending to show that the last three grounds of the motion are true, may be treated as a nullity by the plaintiff, and if no plea or demurrer is filed on the next rule day after the filing of such motion, a default for want of plea or demurrer may be entered notwithstanding such motion is then on file.

4. Where a defendant appears specially for the purpose of presenting the question of jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction, and must not include therein some other ground that recognizes the jurisdiction of the court over his person, and amounts to an appearance in the cause by him, and if he does so the motion will be held to be a general appearance, notwithstanding the fact that it purports to be made in pursuance of a special appearance.

5. A motion made in pursuance of a special appearance entered in a cause by a party not served, asking the dismissal of the cause upon the ground that the court has not acquired jurisdiction over his person, and also upon the ground of personal privilege to be sued in another county, recognizes the jurisdiction of the court over the person of the mover, and amounts to a general appearance on his part.

6. Under Section 1034, Revised Statutes, motions to open defaults properly entered, in order to permit the party in default to plead, must be made within sixty days after the entry of the default, or at the next term of the court if one intervenes between the entry of the default and the expiration of said period of sixty days.

Writ of error to the Circuit Court for Hamilton County.

The facts of the case are stated in the opinion of the court.

*L. E. Roberson* and *J. N. Stripling,* for Plaintiffs in Error.

*J. S. White,* for Defendant in Error.

CARTER, J.

This cause being reached in its regular order for final hearing, was referred by the court to its commissioners, who report that the judgment from which the writ of error was taken ought to be affirmed. The court after due consideration reaches the same conclusion.

It appears that on December 2, 1896, defendant in error by his attorneys began an action in assumpsit in the Circuit Court of Hamilton county against plaintiffs in error, Dudley and Jennings, who were sued as late partners doing business under the firm name and style of F. J. Dudley & Co. Summons issued and was duly returned by the sheriff as having been personally served upon Jennings in Hamilton county. On the second day of January, 1897. plaintiff filed his declaration, declaring upon two promissory notes for $2,450 each. On the return day of the summons, January 4th, 1897, defendants filed their special appearance in the cause, and moved to dismiss the suit upon four grounds, as follows: "1st. Because the court has no jurisdiction of defendants herein. 2nd. The cause of action did not accrue in Hamilton county.

3rd. Neither one of said defendants reside in Hamilton countq. 4th. There is nothing local in the action that gives this court jurisdiction." On the next rule day, February 1st, 1897, at the request of plaintiff's attorneys, the clerk entered a default against the defendants for want of plea, answer or demurrer, reciting that plaintiff's declaration was filed on the rule day in January; that defendants entered an appearance in the cause on that day, and that they had failed to plead, answer or demur, to plaintiff's declaration on or before the rule day in February. The default was signed by the clerk, but tested in the name of the judge of the court as well as his own. On March 20, 1897, defendants, purporting to appear specially for that purpose, moved to vacate the default on five grounds, as follows: "1. Defendants are sued as late partners and the record shows that no service was ever perfected upon F. J. Dudley, and the service upon defendant T. A. Jennings, a late copartner, does not bind defendant Dudley. 2. A motion was pending to dismiss the suit, and plaintiff had no right to a default while said motion was pending. 3. Plaintiff is the judge of said court and the said judgment can not be properly entered in his favor. 4. The default is not in accordance with the statutory requirements. 5. Said default bears teste in the name of the judge who is plaintiff in said cause." On March 22nd, 1897, the Judge of the Fourth Circuit, acting *pro hac vice,* heard the motion to vacate the default and denied same. On April 8, 1897, defendant Jennings moved to vacate the order denying the motion to vacate the default and for leave to amend the motion by adding an additional ground, numbered 6, to the effect that defendants have a meritorious defense to plaintiff's cause of action, tendering with such motion a plea to

the merits. On the same day the motion was heard by the Judge of the Fourth Circuit, acting *pro hac vice,* and denied. Thereafter, on June 30, 1897, final judgment upon the causes of action sued upon was entered by the clerk, and from this judgment the present writ of error is taken.

The assignments of error complain that the court erred in the following particulars: 1st. Entering the default at February rules. 2nd. Denying the motion to vacate the default. 3rd. Denying the motion for leave to plead. 4th. Refusing to vacate the order denying the motion to vacate the default. 5th. Entering final judgment.

The facts as stated are taken from the amended abstract filed by plaintiffs in error which has not been excepted to, and while some of the motions recite the fact that affidavits were filed in support thereof, none of the affidavits appear in the abstract.

The fifth assignment of error is not argued and must, therefore, be treated as abandoned. The other assignments are argued together, and under them the only questions presented in argument are that the default judgment is void because it bears teste in the name of the judge who was the plaintiff in the suit; that the clerk had no authority to enter the default pending the motion to dismiss; that he had no authority to enter a default against Dudley because he had not been served with process and had not entered his appearance in the suit, and that the default should have been opened in order to permit defendant Jennings to plead.

1. The default was entered by the clerk in pursuance of the authority conferred on him by the statute which empowers him to enter defaults for failure to plead within the time required by law. It is true that the judge was disqualified from making any orders in the case, be-

cause he was the plaintiff therein, but the disqualification of a Circuit Judge in no manner affects the power of the clerk of the court under the statute to perform the ministerial act of entering defaults proper to be entered because of failure to plead within the time required by law (6 Am. & Eng. Ency. of Law (2nd. ed.) 145; People v. DeCarrillo, 35 Cal. 37) and it follows as a necessary consequence that such defaults so entered by the clerk in pursuance of the statute, if necessary to be tested in the name of the judge, may be so tested though the judge be disqualified, without affecting the validity of the default.

II. Section 1030 Revised Statutes provides that the defendant shall file his plea or demurrer on the rule day succeeding that upon which the declaration is filed, unless upon motion further time be given by the court, and Section 1032 provides that if the defendant shall fail to plead or demur at the time hereinbefore provided, or at the time fixed by the court upon motion as hereinbefore provided, the plaintiff may cause a default to be entered by the clerk against the defendant, and thereupon he may proceed to take final judgment, as hereinbefore provided. In this case no plea or demurrer was filed within the time required by the statute above referred to, but it is contended that the filing of the motion to dismiss operated to suspend the power of the clerk to enter a default for failure to plead or demur until such motion was disposed of by the order of a qualified judge. We do not find that this court has ever decided whether a motion of this character filed within the time allowed for pleading, suspends the power of the clerk to enter default for failure to plead. In chancery causes it has been held that a paper purporting to be a plea or demurrer filed within the time allowed

for pleading, which has not been certified by counsel or sworn to by the party, as required by the rules or statute, may be treated as a nullity, and that the complainant may, without any application to the court to strike such a paper, cause a decree *pro confesso* to be entered by the clerk as for failure to plead. Trower v. Bernard, 37 Fla. 226, 20 South. Rep. 241; Taylor v. Brown, 32 Fla. 334, 13 South. Rep. 957. In Huling v. Florida Savings Bank and Real Estate Exchange, 19 Fla. 695, it was held in an action at law that when a plea is not responsive to the declaration or any part of it, it is frivolous and may be treated as a nullity, and without motion to strike out or demur, the plaintiff is entitled to judgment. In the opinion it is said that a cretain plea in that case was not responsive to any fact alleged in the declaration, but was immaterial and frivolous; that whether it was true or false, it did not affect the rights of either party; that when a plea of this character presents no point, either in bar or abatement of the suit, the plaintiff may treat it as a nullity and sign judgment as for want of a plea. We think the principles of this decision must control in determining whether the filing a motion to dismiss will prevent the entry of a default for want of a plea at the expiration of the time for pleading. If the motion be of such a character that the plaintiff will be justified in treating it as a nullity, he may disregard it, and cause the clerk to enter the default; but if the motion be not of that character, no default can be entered until it is disposed of. The motion filed in this case, which it is claimed operated to prevent the entry of the default, was a motion to dismiss the suit upon grounds having no relevancy to such a motion under the facts of this case. The sheriff's return upon the summons showed service upon the de-

fendant Jennings, which gave the court jurisdiction over
his person, and the cause of action sued upon consisted
of two promissory notes for an amount within the juris-
diction of the court.   Upon the face of the proceedings,
then, the court had full and complete jurisdiction so far
as Jennings was concerned.   If facts existed which would
show that the court did not have jurisdiction over him,
they are not allowed in the motion, nor could they be
properly presented by an unverified motion to dismiss,
but only by motion to quash the service or by other ap-
propriate proceedings.   It appearing upon the  record
that the court did have jurisdiction as to Jennings,  a
joint motion in behalf of himself and Dudley would not
lie to dismiss the suit as to both, even though the court
had not acquired jurisdiction over  Dudley.  But  aside
from this it is too plain to admit of argument to the con-
trary that a suit over the subject-matter  of which  the
court has jurisdiction, can not be dismissed upon motion
of defendants, part of whom are served and  part  not
served with process, filed in the cause on the return day of
the original process, where the law as in this case allows
the issuance and service of *alias* process as to those  de-
fendants not served.   Such a motion is entirely inappro-
priate, and presents no material matter for  determina-
tion, and may be disregarded and treated as a nullity by
the plaintiff.   The other three grounds of the  motion as-
serted matters which, to be available,  must  have  been
pleaded.   They relate to the personal privilege  accorded
to defendants of being sued in a particular county. There
was nothing upon the record tending to show that defen-
dants were entitled to the privilege of being sued in an-
other county, and if facts justifying the privilege existed,
they were the proper subject-matter for a plea, and not

for an unverified motion such as was filed in this case. All of the grounds of the motion were inappropriate and irrelevant to a motion to dismiss under the circumstances of this case, and as the motion presented nothing material for adjudication, plaintiff had a right to treat it as a nullity and to cause the clerk to enter a default for want of a plea or demurrer.

III. Dudley had not been served with process, but the motion to dismiss filed in his behalf amounted to a general appearance on his part. In Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670, it is said that where a defendant appears specially for the purpose of presenting the question of the jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction, and must not include therein some other ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the cause by him; and we may now add that if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it is made in pursuance of a special appearance. Handy v. Insurance Company, 37 Ohio St. 366; Elliot v. Lawhead, 43 Ohio St. 171, 1 N. E. Rep. 577; Burdette v. Corgan, 26 Kan. 102; Bucklin v. Strickler, 32 Neb. 602, 49 N. W. Rep. 371. The last three grounds of the motion filed in this case relate to the personal privileges of being sued in a particular county accorded by statute to defendants in certain cases, and recognize the jurisdiction of the court over the persons of the defendants The motion, therefore, amounts to a general appearance on behalf of Dudley, as well as Jennings.

IV. There is no error in the order refusing to permit the motion to vacate the default to be amended so as to ask that the default be opened for the purpose of permit-

ting defendant Jennings to plead. This motion was made more than sixty days after the entry of the default, and under the statute (Rev. Stats. Sec. 1034) such motion to be available must be made within sixty days after such entry. Burrows v. Mickler, 22 Fla. 577; Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563.

The judgment of the Circuit Court will be affirmed.