J. M. COBB AND UNITED STATES FIDELITY & GUARANTY COMPANY, *Plaintiffs in Error*, v. PARK TRAMMELL, GOVERNOR OF FLORIDA, ETC., *Defendant in Error*.

Opinion Filed March 6, 1917.

1. The entry of a final judgment by the clerk of the court under the provisions of Section 1425 of the General Statutes of Florida, 1906, presupposes the entry of a valid default against the defendant for want of an appearance, demurrer or plea.

2. A motion by defendant in a civil action for compulsory amendment of the declaration or to strike it, filed before the rule day on which he is required to plead or demur to the declaration, and which motion is not frivolous upon its face, but presents questions affecting the plaintiff's right to proceed with the cause, suspends the power of the clerk under Section 1422 of the General Statutes, 1906, to enter a default against the defendant for failure to plead or demur.

3. A motion by defendant to strike the declaration or for compulsory amendment of it, which is pending and undisposed of upon the rule day when under the statute he is required to plead or demur, may not be ignored by the plaintiff and a default taken unless the motion is frivolous and wholly without

merit and such an one that a determination of it either way could not affect the right of the plaintiff to proceed with the cause.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*Philip Clarkson,* for Plaintiffs in Error;

*Price & Eyles, T. F. West,* Attorney General, and *John C. Gramling,* State Attorney, for Defendant in Error.

ELLIS, J.—The plaintiffs in error took a writ of error to the judgment of the Circuit Court for Dade County rendered in a cause wherein Park Trammell, Governor of the State of Florida suing for the use of Dade County sued J. M. Cobb and United States Fidelity and Guaranty Company upon a bond given by Cobb for his appearance before the court.

In the praecipe for the summons "ad respondendum" the clerk of the court was requested to issue the summons "in an action of assumpsit." The summons was issued in accordance with the directions contained in the praecipe, and the defendants were required to appear and answer the plaintiff in an action of assumpsit. The appearance day as stated in the summons was the 6th day of December, 1915. On the 22nd day of November, 1915, a declaration upon the appearance bond was filed. It was a declaration in debt on the bond. The declaration contained two counts. In the first the bond was referred to and attached to the declaration as Exhibit "A," and by appropriate words made a part of it. In the second count

the bond was set out *in haec verba*. On the 31st day of December, 1915, the defendants filed a motion to strike the declaration, and for compulsory amendment.

On January 3, 1916, the Clerk of the Circuit Court upon request of the plaintiff entered a default against the defendants for want of a plea or demurrer, and on the same day the clerk entered final judgment against the defendants. The judgment so entered by the clerk is in the following words:

"In the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

"Park Trammell, Governor of the State of Florida, suing for the use of Dade County,

vs

"J. M. Cobb and United States Fidelity & Guaranty Company.

"This cause coming on to be heard upon the application of the plaintiff for the entry of a final judgment in said cause and it appearing that the defendants J. M. Cobb and United States Fidelity and Guaranty Company appeared in said cause on the Rule Day of December, 1915, and that a default for want of a plea or demurrer to plaintiff's declaration was duly entered upon the 3rd day of January, 1916, being the Rule Day in said month and recorded in Default Judgment Docket 'A' page 143 and the plaintiff having filed in this cause the cause of action sued upon to-wit a certain bond executed by J. M. Cobb as principal and United States Fidelity and Guaranty Company as surety bearing date the 9th day of August, A. D. 1915, in the sum of $2500.00; and it further appearing from said bond that the plaintiff is entitled to have, receive and recover of and from the defendants J. M. Cobb as principal and United States Fidelity and

Guaranty Company as surety, upon said bond the principal sum of $2500.00 together with interest from the date of filing this suit and the costs of this proceeding, it is therefore ordered, adjudged and decreed:   That the plaintiff, Park Trammell, Governor of the State of Florida suing for the use of Dade County, Florida, have receive and recover of and from the said defendants J. M. Cobb and United States Fidelity and Guaranty Company, the sum of $2500.00 as principal, and the sum of $22.32 as interest, artd the costs of this suit hereby taxed at $4.58 making a total of $2527.90, for which let execution issue.

"This January 3rd, 1916.    Z. T. MERRITT, Clerk.
"By J. B. Hawkins, D. C., (CT. CT. SEAL)"

On the 7th day of January, 1916, the defendants filed a motion to set aside the default and the judgment entered thereon, which motion was in the   following words, omitting venue, title and signatures:

"Now come the defendants J. M. Cobb and United States Fidelity and Guaranty Company, by Philip Clarkson, their attorney, and respectfully move the court: To set aside the default heretofore entered herein against these defendants; to set aside the judgment upon said default, heretofore entered herein against these defendants, and to recall the writ of execution heretofore issued upon said judgment.   In support of said motion said defendants here show to the court:   (1) That at and before the taking and entering of said default and said judgment, there was and had been filed in this court and in this cause, by these defendants acting in the utmost good faith and not for the purpose of delay, thirteen separate and distinct motions respectively for the striking of the declaration herein, for the striking of the first count of said declaration, and for the compulsory amendment

of said counts, as more fully and at large appears upon the face of said various motions to which these defendants here refer and which they hereby make a part of this motion; that said declaration was inartifical, loose, insufficient, duplicitous, defective and not entitled to be filed, all of which will more fully and at large appear upon inspection thereof and to which in this behalf these defendants here refer and hereby make a part of this motion; that these defendants could not safely plead or demur to said declaration; that the same was so framed as to prejudice, hinder and delay the fair trial of said cause and to embarrass the same; that these defendants in good time filed their said thirteen motions in good faith for the sole and only purpose of causing said declaration to be dealt with by this court so as to remove the said causes of prejudice, delay and embarrassment of a fair trial as aforesaid, and to the end that said cause might promptly proceed in accordance with law; that said thirteen motions presented many important questions of law for determination by the court only, and that the clerk of this court, in entering said default and said judgment thereon, without the knowledge or consent of these defendants or either of them, was exercising judicial powers contrary to law.

"(2) That these defendants were not in law required to obtain an extension of time in which to plead or demur to said declaration, because at the taking and entering of said default and judgment, defendants' said thirteen motions were on file in this cause, and had the first of said motions to-wit, the motion to strike said declaration been allowed by the court, there would have been remaining in said cause no declaration to which these defendants could either plead or demur.

"(3) That in and by said judgment, said clerk has assumed Equity powers, in that he has 'Ordered, adjudged

*and decreed'* that the plaintiff have, receive and recover
of and from these defendants, contrary to law in that re-
gard.

"(4)   That said clerk has likewise *'Ordered, ad-
judged and decreed'* that plaintiff have, receive and re-
cover of and from these defendants, excessive interest,
contrary to law.

"(5)   That these defendants and each of them have
a good defense in the merits to the whole of the plaintiff's
demand upon the following grounds:   (a) For that the
bond sued on in this cause was taken and approved out of
the hearing and presence of the Circuit ·Court of Dade
County, Florida, and out of the hearing and presence of
the judge thereof, by one Dan Hardie, while neither said
court nor said judge was sitting nor in session nor within
the Court-House of said Dade County, and long after said
court and said judge had adjourned, without authority of
law; and that said bond is wholly void.

(b) For that also, said bond was not filed in the Cir-
cuit Court of Dade County, Florida, at or before the tak-
ing of forfeiture thereof, as the same is set forth in said
declaration.

"(c) For that also, there is no record of the taking of
any forfeiture of said bond, in said Circuit Court, as ap-
pears from inspection of the records thereof and from in-
quiry by the attorney of said defendants in this behalf, of
the deputy clerk of said court in charge of the records
thereof."

This motion was overruled.

The assignments of error attack the authority of
the clerk to enter the default and the final judgment, and
the correctness of the court's ruling upon the motion to
set aside the default and final judgment.

The motion to strike the declaration and for compul-

sory amendment was on file when the clerk entered the default for want of a plea or demurrer, and the final judgment thereon.    That motion, omitting venue, title and signatures, was in the following words:

"Now come the said defendants by their attorney and, because the above declaration is so framed as to prejudice, embarrass and delay the fair trial of the above entitled action, move the court:.

"First.    To strike said declaration from the files for that the praecipe and summons herein are expressly in 'Assumpsit' whereas said declaration is in 'Debt'.

"Second.    To require amendment of the first count of said declaration for that the same is duplicitous in that it purports to count at once upon an appearance bond and also upon a forfeiture thereof.

"Third.    To require amendment of said first count for that it is therein alleged that during the pendency of the habeas corpus proceedings therein referred to, said defendant Cobb was in the custody of the Sheriff of Dade County, Florida, under a capias charging him with criminal libel, whereas it also appears in said count that during the pendency of said habeas corpus proceedings said Cobb was not in the custody of said sheriff either by virtue of said capias or otherwise.

"Fourth.    To require amendment of the said first count for that the same alleges a forfeiture to have been 'duly' taken, whereas if the same be material, the facts of such forfeiture should be set out.

"Fifth.    To require amendment of said first count for that the same alleges that the defendant Cobb 'entered' into an apperaance, bond, without alleging that the surety likewise 'entered' into said bond.

"Sixth.    To require amendment of said first count for

that the same alleges that the defendant Cobb 'entered' into an appearance bond, whereas if the same be material, the facts and circumstances of entering into such bond should be set forth.

"Seventh. To require amendment of said first count for that it is therein alleged that the defendant Cobb entered into an appearance bond by 'permission' of the Circuit Court of Dade County, Florida, whereas the facts which constitute such 'permission' should be set forth.

"Eighth. To require amendment of said first count for that lines No. 14 to No. 22 both inclusive are repetitions of the conditions of the bond which is itself a part of said count.

"Ninth. To strike said first count for that as appears from said declaration, said count in substance and effect is similar to the second count of said narr.

"Tenth. To require amendment of the second count of said declaration for that it is therein alleged that the defendant Cobb at the giving of the appearance bond therein set forth was under arrest and held in custody by the sheriff of Dade County, Florida, upon a capias charging said Cobb with criminal libel, whereas it also appears from said count that at the giving of said bond said Cobb was not in the custody of said sheriff nor under arrest by virtue of said capias.

"Eleventh. To require amendment of said second count for that it is therein alleged that the judge of the Circuit Court in and for Dade County, Florida, 'allowed' the defendant Cobb bail, whereas the facts of such allowance should be set forth.

"Twelfth. To require amendment of said second count for that the same complains because the defendant Cobb 'departed from the jurisdiction of the court without the consent of the court, and without being legally dis-

charged' whereas no such conditions are contained in the bond as the same is set forth in said count.

"Thirteenth. . To require amendment of said second count for that the same alleges a forfeiture to have been 'taken and formally declared' whereas if the same be material, the facts thereof should be alleged."

Section 1418 of the General Statutes of 1906 provides that "The defendant shall file his plea or demurrer on the rule day succeeding that upon which the declaration is filed, unless upon motion further time be given by the court. He may plead, answer or demur at any time before default for not so doing."

The provisions on the subject of entering defaults and final judgments by the clerk upon personal service are found in Section 1422 and 1425 of the General Statutes of Florida, 1906, and are as follows:

"1422. (1032). Entry upon rule days. If the defendant shall fail to appear as hereinbefore provided, or shall fail to plead or demur, at the time hereinbefore provided, or at the time fixed by the court upon motion as hereinbefore provided, the plaintiff may cause a default to be entered by the clerk against the defendant, and thereupon he may proceed to take final judgment, as hereinafter provided."

"1425. (1035.) Upon personal service. Upon the entry of any default for want of appearance or for want of demurrer or plea in any suit for the recovery of money founded upon contract, if the action is on a written instrument for the payment of money, the plaintiff at any time after such default may on the production and filing of such instrument cause final judgment to be entered for the amount thereof, with interest, and the clerk of the court (or the judge, if the court has no clerk), shall assess the amount which the plaintiff is entitled to recover

for the principal and interest, and enter up judgment for the same, upon which judgment execution shall issue immediately unless otherwise ordered by the court. And if the action is upon an open account, or other contract for the payment of money not in writing, upon the entry of a default as aforesaid, the clerk (or the judge, if the court has no clerk), shall ascertain the amount which the plaintiff is entitled to recover in such action from the examination of the plaintiff under oath, or other proofs by affidavit or otherwise, and enter up judgment for the amount so assessed or ascertained, upon which judgment execution shall issue as aforesaid."

The motion to open the default was made within the time prescribed by Section 1424 of the General Statutes.

The first question presented for our consideration is: Whether the filing of the motion to strike the declaration and for compulsory amendment suspended the power of the Clerk under Section 1422 to enter a default for want of a plea or demurrer. If the entry of the default was without authority and void, the final judgment entered by him was also void and of no force or effect, because the entry of a final judgment by the Clerk under the provisions of Section 1425 of the General Statutes presupposes the entry of a valid default.

It is argued by counsel for the defendant in error that the motion to strike the declaration and for compulsory amendment was a nullity, and therefore could have been, and was ignored. If that position is correct, the default entered by the Clerk was valid. In support of their proposition they cite Register v. Pringle Bros., 58 Fla. 355, 50 South. Rep. 584, and Dudley v. White, 44 Fla. 264, 31 South. Rep. 830. In the latter case White instituted suit in Hamilton county against Dudley and Jennings who

were sued as late partners. Summons was issued and returned as having been served upon Jennings in Hamilton County. On the return day the defendants filed their special appearance and moved to dismiss the suit upon the grounds that the court had no jurisdiction of the dedendants; that the cause of action did not accrue in Hamilton county; that neither of the defendants resided in that county, and that there was nothing local in the action giving the court jurisdiction. On the next Rule Day, no plea or demurrer to the declaration filed on the Rule Day in January having been filed, the Clerk entered a default. On March 20th following a motion was made to vacate the default. This court following the reasoning in the case of Huling v. Florida Savings Bank, 19 Fla. 695, where it was held that in an action at law where a plea is not responsive to the declaration, or any part of it, it is frivolous, and may be treated as a nullity, and without motion to strike or demur the plaintiff is entitled to judgment, said: "We think the principles of this decision must control in determining whether the filing a motion to dismiss will prevent the entry of a default for want of a plea at the expiration of the time for pleading." The court then adds: "If the motion be of such a character that the plaintiff will be justified in treating it as a nullity, he may disregard it, and cause the Clerk to enter the default; but if the motion be not of that character, no default can be entered until it is disposed of." The court held that the motion was based upon grounds having no relevancy to such a motion under the facts of the case. The return upon the summons, said the court, speaking through Mr. Justice CARTER, showed service upon the defendant Jennings, which gave the court jurisdiction over his person, and the cause of action sued upon consisted of two promissory notes

for an amount within the jurisdiction of the court. As to the question of jurisdiction of the defendants in that case the court said that a joint motion in behalf of Jennings and Dudley would not lie to dismiss the suit as to both where the court had obtained jurisdiction of the person of one of them; and as to the other grounds of the motion they were matters which must have been pleaded. These grounds related to the personal privilege accorded the defendants to be sued in a particular county, so the default was held to have been validly entered. In the Register case the motion was for a more definite bill of particulars. There had been filed with the declaration an itemized account of goods, wares and merchandise alleged to have been sold by the plaintiff to the defendants for the price of which the action was brought. This statement was verified by the oath of the secretary of the plaintiff corporation. The court following the case of Dudley v. White, *supra,* held the default to have been validly entered. Speaking through Mr. Justice SHACKLEFORD, the court said: "We are further of the opinion that the practice of waiting until the very day a plea or demurrer is due to file a motion for a more definite bill of particulars is not to be commended, to say the least of it. In furtherance of justice such motions should be filed and called up for disposition as early as practicable." The practice of entering a default in an action at law for want of a plea or demurrer was regarded in the Dudley case to be analogous to the practice of entering a decree *pro confesso* in chancery for failure to file a plea, answer or demurrer to the bill. In the case of Trower v. Bernard, 37 Fla. 226, 20 South. Rep. 241, cited by the court in Dudley v. White, *supra,* a plea was filed, which the court said was not only frivolous and devoid of merit upon its face, but was not sworn to or certified by counsel. In Taylor v. Brown, 32

Fla. 334, 13 South. Rep. 957, also cited in Dudley v. White, *supra,* a demurrer was filed to the bill, but there was no certificate of counsel that the demurrer was well founded in law, and no affidavit that it was not interposed for delay. In each case the decree *pro confesso* was sustained.

In the only two cases which have come before this court to which our attention has been called, the motions which were pending when the time for pleading or demurring arrived, were upon their faces without merit and frivolous. In the two cases in equity cited in Dudley v. White, *supra,* the plea in one case, and the demurrer in the other, were frivolous and void upon their faces. In the case of Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 South. Rep. 473, the Circuit Judge entered a default upon motion of the plaintiff notwithstanding a plea was on file. This court held that as the pleas were wholly immaterial and irrelevant to the plaintiff's case and tendered no material issue that was legally available as a defense, and denied nothing essential to the plaintiff's right to recover as alleged in the declaration, there was no error in granting the motion for default.

The practice may be regarded as settled in this State, that in a common law action where a motion is filed by defendant before the day fixed by the statute for filing a plea or demurrer, and such motion is wholly frivolous and without merit upon its face, it may be treated as a nullity and the plaintiff may take a default at the proper time for want of a plea or demurrer; but if the motion is not of that character, it must be disposed of before the default may be entered.

Section 1433 of the General Statutes, 1906, Florida Complied Laws, 1914, provides for compulsory amendment of any pleading upon application of the opposite

party, and that the court shall make such order respecting the same, and also respecting costs, as it shall see fit. No time is fixed by that section of the statutes within which to make such application, but it would seem that the logical time for doing so would be before replying to the pleading which is deemed to be faulty. It is not unusual to make motions for compulsory amendment of declarations, and to strike them. In the case of Western Union Tel. Co. v. Merritt, 55 Fla. 462, 46 South. Rep. 1024, the court said that a motion for compulsory amendment of a declaration should state that it is so framed as to prejudice, embarrass or delay a fair trial. And in Hadlow Co. v. Sargent, 61 Fla. 263, 54 South. Rep. 1003, a special count of the declaration was stricken upon motion. In Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706, there was a motion for compulsory amendment of a declaration, and the court said that the same reasoning as to the allowance of voluntary amendments would apply in construing the section above referred to relating to compulsory amendments, as the court must determine whether or not the pleading sought to be reformed is so framed as to prejudice or embarrass or delay the fair trial of the action, the matter was within the sound judicial discretion of the court. Construing Section 1433 and 1418 together, we are of the opinion that a motion to strike a declaration or compel amendments thereof is such an answer as may be included within the meaning of the words "plead, answer or demur." So that while such a motion, not frivolous and wholly without merit, is pending and undisposed of, the power of the clerk to enter a default for failure of the defendant to "plead or demur" is suspended.

There is a division among the courts as to the question, but the sounder reason seems to support the rule that

where a motion not frivolous upon its face has been made by the defendant and is pending undisposed, of and not waived, a judgment by default against him can not be taken unless the determination of the action either way could not affect the right of the plaintiff to proceed with the cause. See Rice v. Simmons, 89 Ark. 359, 116 S. W. Rep. 673; Atchison, T. & S. F. R. Co. v. Lambert, 31 Okla. 300, 121 Pac. Rep. 654; St. Louis & S. F. R. Co. v. Young, 35 Okla. 521, 130 Pac. Rep. 911; Hosmer v. Hoitt, 161 Mass. 173, 36 N. E. Rep. 835; Story v. Ware, 35 Miss. 399; Mitchell v. Campbell, 14 Ore. 454, 13 Pac. Rep. 190. See also note to Naderhoff v. Geo. Benz & Sons, 25 N. D. 165, 141 N. W. Rep. 501, reported in 47 L. R. A. (N. S.) 853.

It cannot be said that the motion in this case was wholly without merit and frivolous upon its face, and that to have decided it in favor of the defendant it would not have affected the plaintiffs' right to proceed with the cause.

The two counts of the declaration state the same cause of action. The giving of a bond by the defendant Cobb for his appearance before the court on the 9th day of August. 1915, and his failure to appear upon that date. The second count states the cause of action in more words, although not more clearly, and it would certainly be a useless, vain and unnecessary thing to repeat in one count after another the same cause of action. Its only effect would be to embarrass and delay the fair trial of the case. Mitchell v. Mason, 61 Fla. 338, 54 South. Rep. 863.

Without deciding the question whether a person may bring another into court to answer one cause of action and then declare against him in another cause of action, see Hooker v. Gallagher, 6 Fla. 351, text 357, where the question is referred to, we do think that the motion pre-

sented a question which should have been determined by the court, and which the Clerk nor the plaintiffs' attorney could ignore and treat as frivolous and wholly without merit.

It follows from what has been written that the entry of the default was void, and the judgment entered upon it was entered without authority and should have been vacated and set aside upon the motion of defendants.

The judgment is reversed.

✳ BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.