J. R. COOK, *Plaintiff in Error*, v. P. I. HOPKINS, *Defendant in Error.*

Division A.

Opinion filed November 5, 1929.

*Redfern & Ferrell* and *J. A. Dewberry,* for Plaintiff in Error;

*Julian E. Latham,* for Defendant in Error.

ELLIS, J.—J. R. Cook sued P. I. Hopkins upon a contract made between the latter and Farley and Heard, a copartnership composed of Louis B. Farley and Charles B. Heard who were real estate brokers. The contract was assigned by Farley and Heard to Cook.

The declaration alleged that Hopkins contracted with Farley and Heard to sell for him certain land at a certain price and on certain terms; that Hopkins agreed to pay Farley and Heard a commission of 5% as compensation for the service. The declaration alleges that Farley and Heard found a purchaser who was willing, ready and able to buy the property on the terms named and who paid a deposit of one thousand dollars on the purchase, but the defendant refused to sell to the purchaser found by Farley and Heard but later sold to some other person and refused to pay to Farley and Heard the agreed compensation.

There was a second count in the declaration which declared upon an employment by Hopkins of Farley and Heard to find a purchaser for the property at the price and upon the terms set out in the declaration and for such service Hopkins agreed to pay a commission of 5% as compensation. It is alleged that Farley and Heard found a purchaser who was ready, willing and able to purchase the property upon the terms stated but Hopkins refused to sell and refused to pay the agreed compensation to Farley and Heard.

The defendant by his counsel moved the court to require the plaintiff to amend his declaration by attaching thereto a copy of the "instruments referred to in Plaintiff's Exhibit A."

Plaintiff's exhibit "A" was a copy of the assignment by Farley and Heard of their contract with Hopkins to the plaintiff Cook. It was attached to the declaration and made a part of each count. The grounds of the defend-

ant's motion were that he could not intelligently "plead, answer or demur" to the declaration unless the "instruments referred to in plaintiff's exhibit" were attached to the declaration. The document concludes with a motion to require the plaintiff to "state whether the contract was oral or in writing and if in writing to require a copy of same to be attached to the declaration." The "contract" referred to probably is the alleged agreement between Hopkins and Farley and Heard.

The court made an order denying a motion for a bill of particulars. The record discloses no such motion, but the order required the plaintiff to amend his declaration so as to "show whether or not the contract sued upon is in writing or otherwise and if in writing that he attach said contract or copy thereof to his declaration and serve a copy thereof on counsel for defendant." The record recites that the plaintiff then filed an amendment to the first count. What was filed was an amended first count. This count alleged all the facts contained in the first and added that that contract was expressed in telegrams and that acting under the authority of their employment Farley and Heard executed and delivered to the purchaser whom they had found a contract for the sale of the property upon the terms authorized by the defendant. Copies of the telegrams and of the contract were attached and marked Exhibit "B" and made a part of the amended count.

The defendant moved for a compulsory amendment of the "second amended declaration." The ground was that Exhibit B, part of which consisted of a telegram from Farley and Heard to Hopkins, showed that the plaintiff's cause of action was based upon a written contract and that the letter referred to in the telegram constituted part of it and that unless copy of that letter was attached to the

declaration the defendant could not intelligently plead thereto.

The court made an order granting the motion and allowing the plaintiff until the following rule day to amend the declaration in compliance with the order. This was not done and the defendant moved to dismiss the cause. The court granted the motion. Subsequently the plaintiff moved to vacate the second and third order. It is unnecessary to mention the grounds set forth in the motion to vacate as the court erred in requiring the declaration to be amended at all. Both counts of the declaration stated a cause of action in such direct and simple terms as neither to prejudice, delay or embarrass the fair trial of the action. See Sec. 4296, Comp. Gen. Laws 1927.

While the granting or denial of a motion for compulsory amendment is a matter resting within the discretion of the court it is a discretion which must be exercised within the rules of good pleading and is subject to review by the appellate court. The rule however is that an order for compulsory amendment will not be disturbed by an appellate court unless it is plainly made to appear that there has been an abuse of this judicial discretion. Atlantic Coast Line Ry. Co. v. Crosby, 53 Fla. 400, 43 So. R. 318; Seaboard Air Line Ry. v. Rentz et al., 60 Fla. 429, 54 So. R. 13.

Compulsory amendments are allowable only when a pleading is so framed as to prejudice or embarrass or delay the fair trial of the action. Sec. 4296, Comp. Gen. Laws 1927. And a motion for compulsory amendment of a declaration should state that the declaration is so framed as to prejudice, embarrass or delay a fair trial of the case. See W. U. T. Co. v. Merritt, 55 Fla. 462, 46 So. R. 1024; Cobb v. Trammell, 73 Fla. 574, 74 So. R. 697.

Neither motion for a compulsory amendment stated that the declaration was so framed as to prejudice, embarrass or delay a fair trial of the cause nor indeed could the movant have accurately so stated because each count of the declaration was clear, concise, certain and stated a cause of action. The first count rested upon an alleged agreement by which the real estate brokers were employed to sell the land upon certain terms and at a certain price, all allegations were made to show that the brokers performed the service and that the defendant failed to comply with his agreement. Walker v. Chancey, 117 So. R. 705; 9 C. J. 623. The second count rested upon an alleged agreement whereby the brokers were employed to find a purchaser and all allegations were made that were necessary to show that the plaintiff was entitled to his compensation. The contract of employment need not have been in writing and good pleading did not require the pleader to so state. The plea of never promised as alleged would have put the case upon the single issue of whether such an agreement was made. A plea that the brokers did not sell the land to a person ready, willing and able to buy upon the terms alleged would have placed the matter of their performance of the agreement in issue. Likewise a plea that they did not produce such a purchaser would have brought the case to a trial upon the salient points of the cause.

Obviously it is no ground for a compulsory amendment that the defendant is unable to intelligently plead to the declaration and it afforded no ground upon which the court could reasonably require the plaintiff to state in his declaration whether the contract between the defendant and the brokers was in writing nor require that the letter referred to in one of the exhibits or a copy thereof should be attached to the declaration. The purpose of the com-

pulsory amendment statute is to facilitate the trial of causes, not to hinder and embarrass them. It cannot be used to require either party to plead his evidence which would be violative of a cardinal principle in pleading. The observations of Mr. Justice Shackleford in the case of Seaboard Air Line Ry. v. Rentz, *supra*, upon this point are very salutary.

As illustrative of the delay flowing from a failure to observe the requirements of good pleading a glance at the record in this case may be worthwhile. The amended declaration was filed May 26, 1926. The motion for compulsory amendment was made July 3rd following, two days before the second rule day after the declaration was filed. The order granting the motion was made October 20th. On the 28th of October the plaintiff amended again and the defendant on November 10th filed his second motion for compulsory amendment and an order was made on that motion on the 14th of March, 1927. The 7th of June, 1926, was a rule day on which pleas to the amended declaration could have been filed, but the plaintiff has not been able to get to a trial of his case to this date, more than three years after the filing of his amended declaration.

We do not refer to these facts in a spirit of criticism but merely to emphasize the importance of observing strictly the rules of pleading by both court and counsel.

In view of what has been said, we hold that the judgment is erroneous and should be reversed with directions to require the defendant to plead to the second amended declaration within thirty days after the mandate from this Court is handed down.

It is so ordered.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.