MADSEN, INC., v. THE MADISON COMPANY.

177 So. 619.

Division A.

Opinion Filed November 27, 1937.

Rehearing Denied January 7, 1938.

*Leo Rosen* and *Louis Schwarzkoff,* for Appellant;

*J. Aron Abbott,* forAppellee.

BUFORD, J.—This case is before us on appeal from final decree and from order denying motion to set aside decree *pro confesso* and final decree.

Suit was instituted on March 24, 1937, to foreclose certain municipal tax sale certificates. Motion was made on May 3, 1937, to strike paragraphs 6 and 7 of the bill of complaint, which were in words and figures as follows:

"That the defendant, The Travis Co., a Florida corporation, claims some right, title or interest in and to each of the above described parcels of property by reason of the fact that prior to the institution of this suit the said The Travis Co., a Florida corporation, acquired an alleged tax deed to each and every the hereinabove described parcels of property on the 23rd day of April, 1935, recorded on the 23rd day of April, 1935, in Deed Book 1621, at page 212, of the public records of Dade County, Florida. That said defendant, The Travis Co., acquired said tax deed upon application therefor as alleged owner of certain City of Miami tax certificates, but your plaintiff respectfully submits that said tax certificates were void and without force or effect by reason of the fact that said tax certificates were acquired by said defendant from the City of Miami, Florida, for no consideration, that if any consideration was paid by said defendant to the said City of Miami, Florida, said consideration was so nominal as to shock the conscience of the Court, the City officials of the City of Miami not acquainted with the transaction, and the public of the City of Miami, Florida, in general. Your plaintiff respectfully prays that this Court will investigate, ascertain and determine what consideration, if any, and if any whether said consideration was a valid or a fraudu-

lent one, was paid by said defendant, The Travis Co., to the City of Miami, Florida, for the tax certificates upon which the tax deed above mentioned was secured, and in the event of the entry of a final decree herein, that this Court will adjudicate that said defendant, The Travis Co., be entitled to a lien for only said consideration so found to have been paid by said defendant for said tax certificates.

"That the defendant, Madsen, Inc., a Florida corporation, has or claims to have some right, title and interest in and to each of the above described parcels of property by reason of the fact that prior to the institution of this suit the defendant, The Travis Co., a Florida corporation, hereinabove mentioned, allegedly made, executed and delivered a warranty deed to the defendant, Madsen, Inc., a Florida corporation, dated December 16, 1936, and recorded December 17, 1936, in Deed Book 1760 at page 113 of the public records of Dade County, Florida. That said Warranty Deed conveyed, or attempted to convey, the title of the said defendant, The Travis Co., a Florida corporation, to each and every the parcels hereinabove described, as well as numerous other parcels therein described, said parcels being more particularly mentioned in said Warranty Deed, specific reference to which Warranty Deed being hereby made. That said Warranty Deed on its face indicated that said transfer was for a nominal consideration and your plaintiff respectfully submits that the defendant, Madsen Inc., had then and now has no better title to said property than said defendant, The Travis Co., and respectfully prays that this Court ascertain and determine that the defendant Corporation, Madsen, Inc., is one and the same as The Travis Co., a Florida corporation; that said transfer was a mere subterfuge and made in order

to cover up the transaction hereinabove mentioned and referred to, as well as others, and that said tax deed and alleged title of said defendant, Madsen, Inc., is void and of no force and effect."

No other pleading was filed by the appellant.

On May 11th, 1937, The Madison Company filed motion for decree *pro confesso* under provisions of Section 24 of the 1931 Chancery Practice Act. On May 11th, 1937, an order was entered by the Circuit Judge granting decree *pro confesso*. That order was as follows:

"This cause came on to be heard before me upon the motion of the plaintiff and it appearing to the Court, that the defendant herein, MADSEN, INC., a Florida corporation, was personally served, and filed its appearance on the Rule Day in April, A. D. 1937, that it failed to file its Answer to or Motion to dismiss plaintiff's bill of complaint on the Rule Day in May, A. D. 1937, as required by law, and has failed to file said motion to dismiss or answer since order date to the date hereof; that it appears from the file herein and from the Certificate of the Clerk of this Court, that the said defendant, Madsen, Inc., a Florida Corporation, filed its motion to strike certain portions of the bill of complaint, but that no order has been entered by this Court as required by Section 24 of the 1931 Chancery Act, staying the above and entitled cause, and upon a consideration thereof

"IT IS ORDERED, ADJUDGED AND DECREED that a decree *pro confesso* be, and the same is hereby entered against the defendant, Madsen, Inc., a Florida Corporation, and the plaintiff's bill of complaint be, and the same is hereby taken as confessed by the defendant Madsen, Inc., a Florida Corporation."

There appears to have been no notice of application for

the order, but we know of no rule requiring notice under such circumstances as existed in this case.

This case is to be differentiated from that of Gossett v. Ullendorf, *et al.,* 114 Fla. 159, 154 Sou. 177, because as it appeared and was held in that case as follows:

"In the case at bar the circumstances in which the decree was entered, even if the clerk was authorized to enter it, were of such character that a refusal to set the order aside constituted an abuse of the discretion. The answer which contained the so-called counter-claim was attacked by a proper pleading and while the attack went only to a portion of the answer it affected the defendant's claim which constitutes his counter-claim except in so far as the possession of the diamond stick pin by the complainant is involved, and that matter is one which may be reached by an action of replevin or may be considered in the final decree declaring the basis of the final settlement of the estate and the portions to be set apart to each interested party. At common law the rule as to entry of defaults is that a portion affecting a pleading should not be ignored and a default taken, unless a determination of it either way could not affect the right of the pleader to proceed. See Cobb v. Trammell, 73 Fla. 574, 74 South. Rep. 697. In Dudley v. White, 44 Fla. 264, 31 South. Rep. 830, the practice of entering a default in an action at law for want of a plea or demurrer was regarded as analogous to the practice of entering a decree *pro confesso* in chancery for failure to file a plea, answer or demurrer to the bill. In the case at bar we are of the opinion that the motion of the complainant to strike portions of the defendant's answer was not frivolous and wholly without merit as to justify its being ignored, and while it was undisposed of the clerk's power to enter an order *pro confesso* was suspended."

In that case the decree *pro confesso* was entered by the Clerk. In this case it was entered by the Circuit Judge. In that case it was held:

"If the motion to strike had been well founded and had been granted there would have been an end to the answer, the basis on which the defendant sought an accounting would have been swept away.

"So it was important that the motion to strike portions of the answer should have been decided before an attempt was made to obtain a *pro confesso* order upon other averments in the answer depending on the facts averred which the complainant sought to have stricken."

In this case the allegations sought to be stricken were not material allegations and, if stricken, would not have affected the complainant's right of recovery.

We hold that this cause proceeded as it was entitled to proceed under provisions of Section 24 of the 1931 Chancery Practice Act.

Other questions presented have been considered, as has been the entire record in the cause, and, finding no reversible error, the order and decree appealed from should be affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.