O’CONNELL, Justice.
Petitioner seeks quashal of a portion of that opinion of the District Court of Appeal, Second District, reported at 159 So.2d 255, *890 contending that said decision is in direct conflict with the decisions of this Court in Cobb v. Trammell, 1917, 73 Fla. 574, 74 So. 697, and Dudley v. White, 1902, 44 Fla. 264, 31 So. 830.
As set forth in the above cited opinion of the District Court, petitioner, Punta Gorda Ready Mixed Concrete, Inc., as plaintiff, sued Green Manor Construction Co. for monies alleged to be due and payable. Service of process was made on one Herbert Greer, allegedly the agent of the defendant Green Manor. Green Manor appeared specially and moved to dismiss for lack of jurisdiction on the g.ound that Greer was not its agent.
Petitioner apparently then conceding that its service of process on Greer was insufficient, effected service of process on the defendant, Green Manor, by substituted service upon the Secretary of State as authorized by Sections 47.16 and 47.30, F.S.A.
Green Manor took no action in response to this substituted service. Approximately 35 days after substituted service on the Secretary of State and 28 days after actual receipt of the process by Green Manor, the trial judge entered default and final judgment in favor of the plaintiff, the petitioner herein.
Green Manor then filed a motion to vacate the default and final judgment, but prior to hearing thereon took an appeal to the District Court.
In the opinion under attack here, the District Court held that jurisdiction was properly obtained over Green Manor by the service on the Secretary of State. However, it also held that the trial court improperly entered the default and judgment while the motion to dismiss—directed to the sufficiency of the service of process on Greer—was still pending. Petitioner attacks only this last holding.
The cases relied on by petitioner to establish conflict all hold that where an un-disposed motion is pending in a cause, a default judgment may not be entered, unless the determination of the motion either way would not affect the plaintiff's right to proceed with the action. Cobb v. Trammell, supra; Dudley v. White, supra.
At the time the motion to dismiss for lack of jurisdiction was filed in the instant cause, it presented a valid question necessary to be determined before the plaintiff-petitioner could proceed with the case. However, when jurisdiction of the defendant-respondent was obtained by the subsequent substituted service, it is obvious that a determination of the question raised by the motion to dismiss could in no way-affect the court’s jurisdiction or the right, of the plaintiff-petitioner to proceed with* the cause. We emphasize again that the defendant-respondent filed no motion or responsive pleading after the substituted service was effected.
We, therefore, conclude that there is direct conflict between the cited decisions of this Court and the subject decision of the District Court of Appeal.
The respondent, Green Manor, urges that the conflict is not “real, live and vital,” because the rule announced in the cited decisions of this Court was rendered under obsolete common law or chancery pleading and practice, which are now outdated by the Florida Rules of Civil Procedure.
It is true that if the present rules of civil procedure spoke on the point involved they would prevail, and the cited cases would no longer furnish a basis for establishing conflict nor a rule to be followed. But respondent has cited no provision of the rules which governs the situation presented here; and we have found none.
We conclude that the rule announced in the cited cases previously decided by this Court is still binding. We see no valid reason to recede from these decisions or to change the rule announced therein. The *891 rule gives everyone his day m court. At the same time it is likely to serve the salutary purposes of conserving the time of trial courts by making it unnecessary for them to rule on motions that present no valid issue, and of preventing delay occasioned by the filing of such motions.
For the reasons above explained, that portion of the opinion of the District Court that held improper the entry of default and final judgment in this cause is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.